United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40128
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEAZAR TOMAS MENDEZ,
also known as Antonio Rosales Jimenez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-455-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eleazar Tomas Mendez pleaded guilty to unlawful presence in the United States after deportation following an aggravated felony conviction. He was sentenced to 33 months of imprisonment and three years of supervised release. He appeals his conviction and sentence.

For the first time on appeal, Mendez contends that he was illegally sentenced pursuant to the formerly mandatory Sentencing Guidelines regime, in violation of United States v. Booker, 125

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Ct. 738 (2005). Mendez's plea agreement contained a waiver-of-appeal provision in which he waived, inter alia, "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable Guidelines range. Mendez contends that this waiver provision is not enforceable because, at his rearraignment, the magistrate judge incorrectly told him that he retained the right to appeal an "illegal sentence." We agree. Because the magistrate judge inaccurately described the waiver provision, Mendez's waiver cannot be deemed knowing and voluntary with respect to an "illegal sentence." See FED. R. CRIM. P. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999).

Mendez contends that this court should review his Booker claim de novo and apply a harmless error standard. However, he concedes that these arguments are foreclosed by United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517), and that he must show plain error. See id. at 520.

The district court's application of the guidelines in their mandatory form constituted error that is "plain." Id. at 520-21. However, as Mendez correctly concedes, he cannot establish that the error "affected the outcome of the district court proceedings[,]" i.e., "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have

reached a significantly different result." Id. at 521 (internal quotation marks and citation omitted). Alternatively, Mendez contends that the district court's error, sentencing him under a mandatory guidelines regime, was structural and that prejudice should be presumed. Mendez correctly concedes that this argument is foreclosed. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). Accordingly, Mendez has not satisfied the requirements under the plain error standard.

Mendez also asserts, for the first time on appeal, that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. As Mendez concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (internal quotation marks and citation omitted), petition for cert. filed (July 22, 2005)(No. 05-5469).

The conviction and sentence are AFFIRMED.