United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40675
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

LUIS ANGEL CUELLAR

                    Defendant - Appellant

                    ---------------------
          Appeal from the United States District Court
             for the Southern District of Texas
                   USDC No. 1:03-CR-707-2
                    ---------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

     Luis Angel Cuellar appeals the sentence he received after he

pleaded guilty pursuant to a written agreement to conspiring to

possess with intent to distribute more than a hundred kilograms

of marijuana.  He also appeals the criminal forfeiture of his

residence.

     The Government argues that because Cuellar explicitly agreed

to waive appeal of his sentence except a sentence imposed above

the statutory maximum or an upward departure, he has waived the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instant appeal of his sentence. Cuellar's appeal waiver was rendered not knowing and voluntary when the district court advised Cuellar at his rearraignment hearing that Cuellar could appeal an "illegal sentence." See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999); United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994); FED. R. CRIM. P. 11(b)(1)(N). Therefore, the appeal waiver does not bar the instant appeal.

Cuellar argues that the district court misapplied U.S.S.G. § 3B1.4 because a preponderance of the evidence fails to show that he used a person under the age of 18 to commit his offense or to avoid being caught in committing his offense. The Government agrees, candidly admitting that the enhancement was not warranted because § 3B1.4 requires affirmative action on the part of the defendant to involve the minor and it had no evidence that Cuellar was actually involved in using the children.

Because Cuellar objected to the enhancement in the district court, the district court's interpretation and application of U.S.S.G. § 3B1.4 is reviewed de novo, and its factual findings are reviewed for clear error. See United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005)(post Booker, same standard of review applies), petition for cert. filed (July 26, 2005) (No. 05-5580); United States v. Holmes, 406 F.3d 337, 363 (5th Cir. 2005), petition for cert. filed (July 1, 2005) (No. 05-41738). "A factual finding is not clearly erroneous as long as it is

plausible in light of the record as a whole." Holmes, 406 F.3d at 363 (internal quotation marks and citation omitted).

Section 3B1.4 provides for a two-level increase in the base offense level: "If the defendant used or attempted to use a person less than eighteen years of age to commit the offense or assist in avoiding detection. . . ." U.S.S.G. § 3B1.4. Commentary to the guideline states: "'Used or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." Id. at comment. (n.1).

The Presentence Report (PSR) stated that Cuellar was present at a meeting where a plan was devised that included bringing along two 13 year olds in a vehicle that carried marijuana owned by Cuellar. The PSR, however, did not attribute any affirmative act by Cuellar to involve the children, and the Government candidly admits that it is "hard pressed" to present any evidence establishing that Cuellar had anything to do with the children's involvement. The district court therefore erred in applying the § 3B1.4 enhancement. The sentence is VACATED, and the case REMANDED for resentencing.

Because, under United States v. Booker, 125 S. Ct. 738 (2005), the district court will not be bound by the Sentencing Guidelines on remand, and could impose an altogether different sentence, we need not address Cuellar's argument that the district court erred when it computed his base offense level

using relevant conduct.  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Cuellar argues that a preponderance of the evidence did not support the criminal forfeiture of his residence.  Our review of the evidence convinces us that there was ample admissible evidence that property was acquired during the period of the drug conspiracy for which there was no likely source for such property other than proceeds from the drug conspiracy.  See 21 U.S.C. § 853(d).  Cuellar failed to rebut the presumption that the property is therefore subject to forfeiture under § 853(a).

Accordingly, in light of the foregoing, we affirm the guilty-plea conviction and criminal forfeiture but vacate the sentence and remand for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.