UNITED STATES of America, Plaintiff–Appellee,

v.

Francisco Javier ARAGUZ–BRIONES, Defendant–Appellant.

No. 04–40870.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 8, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, Michelle Palacios, U.S. Attorney's Office Southern District of Texas, McAllen, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Francisco Javier Araguz–Briones appeals his guilty-plea conviction and 75–month sentence for illegal reentry after

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deportation, a violation of 8 U.S.C. § 1326.[1] Araguz's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Araguz contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Araguz properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review. Thus, we AFFIRM Araguz's conviction.

Araguz contends that his sentence must be vacated because he was sentenced pursuant to the mandatory sentencing guidelines regime that was held to be unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not met its burden of establishing beyond a reasonable doubt that the district court's error was harmless. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir.2005). Accordingly, Araguz's sentence is VACATED, and the case is REMANDED for further proceedings. *See id.* at 466.

---

1. We reject the government's contention that the waiver of appeal provision in Araguz's plea agreement bars this appeal. At rearraignment, the magistrate judge, in the context of addressing the waiver of appeal provision, specifically advised Araguz that he "could still appeal from an illegal sentence." Under such circumstances, the appeal waiver was not knowing and voluntary. *See, e.g., United States v. Cuellar*, 151 Fed. Appx. 352, 353, 2005 WL 2769527 (5th Cir.2005) (unpublished); *United States v. Mendez*, 153 Fed. Appx. 917, 918, 2005 WL 2404755 (5th Cir. 2005) (unpublished).