United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40870
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER ARAGUZ-BRIONES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-201-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Araguz-Briones appeals his guilty-plea conviction and 75-month sentence for illegal reentry after deportation, a violation of 8 U.S.C. § 1326.[1]  Araguz's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We reject the government's contention that the waiver of appeal provision in Araguz's plea agreement bars this appeal.  At rearraignment, the magistrate judge, in the context of addressing the waiver of appeal provision, specifically advised Araguz that he "could still appeal from an illegal sentence."  Under such circumstances, the appeal waiver was not knowing and voluntary. *See*, *e.g.*, *United States v. Cuellar*, 151 Fed. Appx. 352, 353, 2005 WL 2769527 (5th Cir. 2005) (unpublished); *United States v. Mendez,* 153 Fed. Appx. 917, 918, 2005 WL 2404755 (5th Cir. 2005)

constitutional challenge to 8 U.S.C. § 1326 is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Araguz contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Araguz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review. Thus, we AFFIRM Araguz's conviction.

Araguz contends that his sentence must be vacated because he was sentenced pursuant to the mandatory sentencing guidelines regime that was held to be unconstitutional in United States v. Booker, 543 U.S. 220 (2005). The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not met its burden of establishing beyond a reasonable doubt that the district court's error was harmless. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). Accordingly, Araguz's sentence is VACATED, and the case is REMANDED for further proceedings. See id. at 466.

---

(unpublished).