United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

m 06-40937

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

FRANCISCO JAVIER ARAGUZ-BRIONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
m 1:04-CR-201-ALL

Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Francisco Araguz-Briones appeals his sentence, claiming that the government failed to perform its contractual obligation to move for a one-level downward departure. We vacate and remand.

I.

Araguz-Briones pleaded guilty, pursuant to a plea agreement, of being an alien found unlawfully in the United States following deportation and after having been convicted of an aggravated felony in violation of 8 U.S.C.

§ 1326(a) and (b). The plea agreement contained an appeal waiver provision in which Araguz-Briones waived the right to challenge his sentence on appeal or in a post-conviction proceeding but reserved the right to appeal the sentence if it exceeded the statutory maximum or was an upward departure from the sentencing guidelines. The agreement obligated the government "to recommend . . . [a] one-level departure under 5K3.1 for early disposition plea at arraignment." When discussing the appeal waiver at rearraignment, the magistrate judge advised Araguz-Briones that he "could still appeal from an illegal sentence." He was sentenced to seventy-five months' incarceration.

Araguz-Briones appealed, arguing that he had been sentenced under the mandatory guidelines scheme found unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005). The government claimed that the appeal waiver provision of the plea agreement barred the appeal. This court disagreed, holding that, because the court had advised Araguz-Briones that he could appeal an illegal sentence, the appeal waiver was not knowing and voluntary, so the sentence could be appealed. The court vacated the sentence and remanded for resentencing.

At resentencing, the government argued that by appealing, Araguz-Briones had breached his plea agreement and deprived the government of the benefit of its bargain, so the government had decided not to move for the § 5K3.1 one-level downward departure. Araguz-Briones did not object, and the downward departure was not given.[1] He was sentenced to ninety months' incarceration.

## II.

Araguz-Briones claims the government breached the plea agreement by not moving for a one-level downward departure at resentencing. The government counters that it was released from its obligation when the first panel of this court found that the appeal waiver provision was not knowing and voluntary, because that provision cannot be severed from the rest of agreement. We thus face the question whether a court should hold the government to its obligations under a plea agreement after the court invalidates a defendant's obligation not to appeal his sentence. In other words, can a defendant keep the benefit of his plea agreement after being relieved of his burden? This is a question of first impression in this court, and Araguz-Briones faces a steep hurdle on appeal.

## A.

Araguz-Briones concedes that he did not object to the government's refusal to move for a downward departure, and thus we review only for plain error. *United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000). Under the plain error standard, we may correct the sentence only if there is: "(1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Lewis*, 412 F.3d 614, 616 (5th Cir. 2005) (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)). Further, an error is plain only if it is clear under current law. *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) (citing *United States v.*

---

[1] Without the one-level departure, Araguz-Briones's advisory guidelines range was 77-96 (continued...)

---

[1](...continued)
months; if the departure had been given, the range would have been 70-87 months.

*Olano*, 507 U.S. 725, 734 (1993)).

B.

We begin by examining the effect of this court's finding, in the first appeal, that the appeal waiver provision was not knowing and voluntary. Araguz-Briones argues that even under the plain error standard this holding had the effect of severing the appeal waiver provision and left the remainder of the agreement intact.

Plea bargains are interpreted in accordance with general contract principles. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). Whether a contract "is entire or severable turns on the parties' intent at the time the agreement was executed, as determined from the language of the contract and the surrounding circumstances." *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 333-34 (5th Cir. 1987). The government argues that, under general contract principles, the appeal waiver provision cannot be severed from the agreement, and thus the waiver's invalidation by the first panel nullified the plea agreement and released the government from its obligations.

Whether the appeal waiver provision is severable turns on whether it is an "essential term" of the bargain. *Id.* The government urges that the waiver is an essential term because the goal of a plea agreement is to offer a defendant a lower sentence than he may receive at trial in exchange for saving the government the effort that would be expended if the case were tried and appealed. An agreement that waives most appellate rights saves the government more effort than does an agreement that does not waive those rights, and thus the inclusion of an appeal waiver should result in a better bargain for the defendant.

The importance placed by the government on appeal waivers is demonstrated by the Attorney General's guidelines for fast-track programs.[2] All defendants who, like Araguz-Briones, agree to a plea bargain under a fast-track

_____

[2] In *United States v. Perez-Pena*, 453 F.3d 236, 238 (4th Cir.), *cert. denied*,127 S. Ct. 542 (2006), the court provided a comprehensive description of this process:

"Fast-tracking" refers to a procedure that originated in states along the United States-Mexico border, where district courts experienced high caseloads as a result of immigration violations. To preserve resources and increase prosecutions, prosecutors sought to obtain pre-indictment pleas by offering defendants lower sentences through charge-bargaining or through motions for downward departure.

Congress officially sanctioned the use of departure fast-track programs in 2003, with its enactment of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003). In conjunction with authorizing the Attorney General to create and implement such programs, Congress directed the Sentencing Commission to promulgate "a policy statement authorizing a downward departure of not more than 4 levels if the Government files a motion for such departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." *Id.* Pursuant to this directive, the Commission adopted § 5K3.1 of the sentencing guidelines, providing that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." *United States Sentencing Guidelines Manual* § 5K3.1, p.s. (2004).

program are required, pursuant to a memorandum from the Attorney General to all U.S. Attorneys, to waive their right "to appeal, and to challenge the resulting conviction under [28 U.S.C. § 2255], except on the ground of ineffective assistance of counsel." *Perez-Pena*, 453 F.3d at 239. This requirement indicates that the waiver is essential to the bargain.

### C.

The government claims the plea agreement contains an anti-severability clause evincing the parties' intent that the agreement must stand or fall as a whole. The pertinent section of that clause reads, "If the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement . . . the United States will be released from its obligations under the plea agreement."

This clause supports the government's position but is not determinative. It is not an anti-severability clause; it requires Araguz-Briones to fulfill his contractual "obligations," not to adhere to all the terms of the contract. Because the first panel ruled that the appeal waiver was not enforceable, Araguz-Briones was arguably no longer obligated, under the agreement, to refrain from appealing. We need not decide whether the clause, standing alone, is effective as an anti-severability clause. It lends at least some support to the government's contention that the parties did not intend for the contract to be severable. Based on the guidelines for the fast-track program and the language of the plea agreement, Araguz-Briones has not shown, under the plain error standard, that the appeal waiver provision is severable.

### D.

We turn to the question of the proper remedy when a non-severable provision of a plea agreement is found to have been not knowing and voluntary; that is a question of first impression in this circuit.

We typically do not extend precedent when deciding such questions under plain error. *See, e.g., United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998). In this particular case we choose to follow *United States v. Stevens*, 66 F.3d 431, 437 (2d Cir. 1995), and vacate the sentence and remand. At the government's option, the district court shall either (1) resentence Araguz-Briones, with the government's moving for the one-level § 5K3.1 reduction as called for in the plea agreement, or (2) vacate the plea agreement in its entirety and allow the parties either to reach a new agreement or to go to trial.[3] Araguz-Briones "may not, however (unless the government consents), retain the benefits of the sentencing agreement while being relieved of its burdens." *Stevens*, 66 F.3d at 437. Because these are unique facts and we are reviewing for plain error, we limit our holding to the facts and arguments presented in this case.

### III.

To preserve the issue for further review, Araguz-Briones challenges the constitutionality of 8 U.S.C. § 1326(b). He made the same argument in his first appeal, and we reject his claim now for the same reasons as before. *See United States v. Araguz-Briones*, 170 Fed. Appx. 332 (5th Cir.), *cert. denied* 126 S. Ct. 2341 (2006).

The sentence is VACATED, and the case is

---

[3] See *also United States v. Bushert*, 997 F.2d 1343, 1354 n.23 (11th Cir. 1993). The *Bushert* court noted that if the government had asked the court to allow the defendant to replead "to protect its bargaining position more fully," the court would have entertained the request. *Id.* Here the government has made such a request.

REMANDED for resentencing consistent with this opinion.