# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2020

Lyle W. Cayce
Clerk

No. 19-50999

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EFREN MADRID, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-73-1

Before GRAVES, COSTA, and ENGELHARDT, *Circuit Judges*.

KURT D. ENGELHARDT, *Circuit Judge*:

Efren Madrid, Jr. ("Madrid") pleaded guilty to conspiracy to possess child pornography. The district court sentenced Madrid to 70 months of imprisonment and ten years of supervised release. In addition, the court imposed a $25,000 fine, a $100 mandatory special assessment, a $5,000 special assessment under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), and a $5,000 assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"). Madrid appeals his sentence, arguing that the district court erroneously assessed him a monetary penalty under the AVAA, erroneously appears to have imposed two JVTA

No. 19-50999

special assessments, and erroneously believed the Bureau of Prisons would give him credit for time incarcerated on state charges prior to going into federal custody. We AFFIRM.

I.

Madrid was initially charged in a two-count indictment with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and counterfeiting, in violation of 18 U.S.C. § 472. Madrid later pled guilty pursuant to a plea agreement, to a superseding information charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5). The district court sentenced Madrid to 70 months of imprisonment and ten years of supervised release. In addition, the court imposed a $25,000 fine, a $100 mandatory special assessment, a $5,000 special assessment under the JVTA, and a $5,000 assessment under the AVAA. *Id.*

Madrid now appeals, arguing that: (1) the district court erred in assessing a $5,000 monetary penalty under the AVAA in the belief that the AVAA is a freestanding special assessment; (2) the district court improperly imposed two special assessments, contradicting an oral announcement; and (3) the district court failed to adjust Madrid's sentence after erroneously believing the Bureau of Prisons would give him credit for time incarcerated on state charges prior to going into federal custody.

II.

This court reviews de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). To determine the validity of the appeal waiver, "this court considers whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *Id.* In doing so, we employ "ordinary principles of contract interpretation, construing

waivers narrowly and against the Government." *Id*. We usually employ a two-step inquiry, asking: (1) "whether the waiver was knowing and voluntary" and (2) "whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *Id*. In this case, however, neither party contests the knowing and voluntary nature of the waiver. We proceed to step two—whether the waiver bars the present appeal.

The parties disagree whether Madrid's plea agreement bars this appeal. The Government argues that the appellate waiver should be enforced, but Madrid contends that the waiver-of-appeal provision is not applicable because a statutory-maximum exception occurred. Madrid argues that the district court erred when it assessed a monetary penalty under the AVAA because "the Government failed to establish the identity and losses of any 'victims' of the offense of conviction," and as such, his situation comes within the purview of *United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018) ("[I]f a court orders a defendant to pay restitution…without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum."). We disagree.

The written and signed plea agreement included a waiver-of-appeal provision containing the following language:

> By entering into this Agreement, and as a term of this Agreement, I voluntarily and knowingly waive the right to appeal the sentence on any ground, including but not limited to any challenges to the determination of any period of confinement, *monetary* penalty or obligation, term of supervision and conditions thereof, and including any appeal right conferred by 18 U.S.C. § 3742.

(emphasis added) Madrid did not object to the $5,000.00 AVAA special assessment in the district court.

The waiver of appeal had two only exceptions: "ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension of which Appellant did not have knowledge of at the time of sentencing." As part of the plea agreement, the Government dismissed the two counts from the original indictment, which exposed Madrid to 20 additional years in custody and a minimum sentence of five years, and recommended a full three-level reduction for acceptance of responsibility.

The court confirmed that Madrid read, reviewed with his counsel, and understood the terms of the plea agreement, including the appeal waiver provision and that the other charges that would be dropped. Before signing the plea agreement, Madrid confirmed that he entered into the agreement voluntarily, and that he wanted the court to accept the plea agreement. Further, the district court advised Madrid that he had the right to appeal and that pursuant to the plea agreement, he was giving up his right to appeal except in limited circumstances. Madrid expressed a clear understanding of his right to appeal and agreed to that waiver.

Further, the plea agreement addressed terms regarding restitution and special assessments, and Madrid expressed a clear understanding of his right to appeal and agreed to that waiver. This court has held that a defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of an appeal. *United States v. Alvarado-Casas*, 715 F.3d 945, 955 (5th Cir. 2013). We consider "the parties' intent at the time the agreement was executed, as determined from the language of the contract and the surrounding circumstances." *United States v. Araguz-Briones*, 243 F. App'x 64, 66-67 (5th Cir. 2007). By challenging the AVAA special assessment of which he was repeatedly admonished, Madrid is attempting to circumvent the waiver-of-appeal provision contained in the negotiated plea agreement.

No. 19-50999

No question exists that Madrid's guilty plea and appeal waiver were knowingly and voluntarily entered. *See United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012); *see also Alvarado-Casas*, 715 F.3d at 955. It is not the role of the court to rewrite the terms of a plea agreement entered into willingly and knowingly; instead, the court is only responsible for ensuring that freely negotiated terms of plea agreements are enforced. *United States v. Johnson*, 132 F.3d 628 (11th Cir. 1998).

Here, Madrid agreed to the terms of his plea agreement, and waived his right to appeal. A monetary penalty under the AVAA is separate and distinct from restitution, and a special assessment under 18 U.S.C. § 2259A does not require identification of a victim and proof of losses. The facts of this case are distinguishable from *Winchel*, and as a result, Madrid fails to demonstrate that the district court ordered an assessment in excess of statutory authority.

Lastly, in addition to his challenge to the AVAA assessment, Madrid argues that the written judgment incorrectly imposes two JVTA assessments and that the Bureau of Prisons is not giving him the credit toward his sentence that the district court intended him to have. We find these arguments lack merit. Because Madrid does not argue that either issue falls outside the scope of his appeal waiver, we decline to consider them and dismiss the appeal with respect to those two issues. *See United States v. Williams*, 949 F.3d 237, 239-40 (5th Cir. 2020).

Moreover, though the waiver applies in Madrid's case, we recognize that an appeal waiver does not deprive us of jurisdiction. *United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006). Because we can also affirm the judgment on the merits, we choose to go further, affirming with additional alternative reasons. *See United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008).

5

No. 19-50999

### III.

This court has found that appeals challenging restitution orders are analogous to appeals challenging special assessments. *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018). Both types of appeals "turn on whether a statute authorizes the district court to demand money from the defendant—and hence whether the district court exceeded the 'statutory maximum' in doing so." *Id.* The special assessment at issue in this appeal is required by 18 U.S.C. § 2259A, which provides that "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess—(1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5)." Section 2259A was created as a part of the AVAA in response to issues identified by Chief Justice Roberts and Justice Sotomayor in calculating the losses of a victim in child pornography cases. *See Paroline v. United States.* 572 U.S. 434, 472-473 (2014).

Madrid is correct that the AVAA did not "relieve the Government of its burden to establish 'the defendant's relative role in the causal process'" with respect to restitution under Section 2259. Madrid is incorrect, however, when he suggests that the Government must offer such proof when the court imposes a special assessment under Section 2259A. It does not require great perspicacity to appreciate the substantial difference between restitution to the person victimized by the crime and a special assessment, mandated by statute and collectible by the Government against individuals convicted of crimes to be paid into a crime victims fund.

After the enactment of the AVAA, there are several distinct, independent financial consequences that may be imposed, and in some cases must be imposed, on individuals convicted of child pornography offenses. *See* 18 U.S.C. §§ 3013, 3014, 2259, and 2259A. *See also* 18 U.S.C. 2259A(d)(2)

No. 19-50999

(specifying the order in which the financial obligations should be discharged). Restitution may be imposed if the Government offers adequate proof of causation and losses incurred by an identified victim, but a special assessment is imposed in the same manner as a fine and does not require the identification of any individual victim. Special assessments paid pursuant to Section 2259A do not go to a specific victim, but rather are deposited and pooled in the "Child Pornography Victims Reserve" established in 18 U.S.C. § 2259B. Restitution under 18 U.S.C. § 2259 requires identification of a victim and proof of losses, but a special assessment under 18 U.S.C. § 2259A does not. The district court did not err in assessing a monetary penalty under the AVAA. Because a monetary penalty under the AVAA is separate and distinct from restitution, and a special assessment under 18 U.S.C. § 2259A does not require identification of a victim and proof of losses, the district court did not err in assessing a monetary penalty under the AVAA.

IV.

The Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a), requires a mandatory assessment of $5,000 for any non-indigent person convicted of this offense. Congress has stated that the obligation to pay the assessment continues for 20 years after the release from imprisonment or the entry of judgment, whichever is later. 18 U.S.C. §§ 3014(g), 3613(b). The court may consider the defendant's financial circumstances now and in the future. *See, e.g.*, *United States v. Shepherd*, 922 F.3d 753, 759 (6th Cir. 2019); *Graves*, 908 F.3d at 141; *United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017). Because Madrid is not indigent, this assessment must be imposed.

Madrid asserts that the district court erred by incorrectly imposing two JVTA special assessments. At sentencing, however, the district court imposed one $5,000 special assessment under the JVTA. The § 3014 special assessment is to be applied to each count of conviction. *See United States v.*

7

*Matalka*, 788 F. App'x 273 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2701 (2020). Madrid argues, however, the written judgment appears to incorrectly impose two JVTA special assessments.

Because Madrid did not have the opportunity at the sentencing hearing to object to the alleged variance in the written judgment, this court reviews his claim for abuse of discretion. *United States v. Mireles*, 471 F.3d 551 (5th Cir. 2006). Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the terms of the oral pronouncement control. *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003); *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Circ. 1991). The key determination is whether the discrepancy between the oral pronouncement and the written judgment is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record. *Mireles*, 471 F.3d at 55. The actual intention of the sentencing judge is to be ascertained both by what he or she said from the bench and by the terms of the entire record, including the written order he or she signed, or from their total acts. *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. 1981) (quoting *Scott v. United States*, 434 F.2d 11, 20 (5th Cir. 1970)).

Here, no discrepancy or ambiguity exists. During sentencing, the district court orally pronounced a $5,000 special assessment under the JVTA. Madrid contends that the written judgment conflicts with the oral pronouncement of the special assessment under the JVTA by appearing to impose two assessments, but Madrid misreads the judgment.

The "Criminal Monetary Penalties/Schedule" section of the judgment sets out Madrid's $100 special assessment, $25,000 fine, $5,000 AVAA special assessment, and $5,000 JVTA special assessment. In addition to the total criminal monetary penalties imposed, the court gives further detail for the penalties, including to whom the special assessment is paid, the

payment schedule for the fine, and under what statutory obligation the mandatory JVTA assessment is ordered. The JVTA special assessment and the "Domestic Trafficking Victim's Assessment" are one and the same. *See* 18 U.S.C. § 3014. The JVTA special assessment is used to fund the Domestic Trafficking Victims Fund. 18 U.S.C. § 3014(c). The court did not impose two $5,000 assessments under the JVTA.

No discrepancy exists between the orally pronounced special assessment and the written judgment. Because there is no conflict, modification of the sentence is not warranted. *See United States v. Vega*, 332 F.3d 849, 854 (5th Cir. 2003).

## V.

Lastly, Madrid argues that the district court failed to sentence him in a format that achieved its intent to give him credit for his time spent in state custody and erroneously believed the Bureau of Prisons would give him credit for this time served. *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) (holding that a district court does not have jurisdictional authority to grant credit for time served). Madrid argues that the district court could have accomplished this goal by instead deviating downward from Madrid's Guidelines range, as his counsel suggested. *See* U.S. Sentencing Guidelines Manual § 5G1.3 (2016); *see also United States v. Jones*, 811 F. App'x 872, 873 (5th Cir. 2020).  Because Madrid failed to timely object to the district court's orally pronounced sentence and order of credit for time served, we review his argument about his sentence's format for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Madrid was originally arrested by the Andrews Police Department on drug trafficking charges, and was detained in state custody. After executing a warrant, and subsequently discovering firearms, controlled substances, and counterfeit currency, the case took an unexpected turn when child

pornography was discovered on Madrid's computer. As a result, a federal investigation was launched. The state charges were dismissed with prejudice and Madrid was charged federally for drug trafficking and possession of counterfeit currency. The Government later issued a superseding information charging Madrid with possession of child pornography, and agreed to drop the earlier charges of drug trafficking and counterfeiting as part of the plea agreement.

The U.S. Probation Office prepared the presentence report, and Madrid was not held accountable for any of the original charges involving drug trafficking, counterfeit currency, or firearms. The guideline calculations in the presentence report were adopted by the court, including the relevant conduct. At sentencing, Madrid asked the district court for a variance or sentence at the lower end of the guidelines because he spent time in state custody, and that is "not something the Bureau of Prisons would consider in determining his sentence." After the Government clarified that Madrid had not been in state custody for possession of child pornography, the charge to which he was pleading guilty, the court denied the motion for variance and expressly declined to depart from the advisory guidelines range.

The record shows that the district court was aware of its authority to consider various factors, including Madrid's time in state custody, when determining the sentence. While time in state custody may be one factor a court may consider when fashioning a sentence, *see United States v. Barrera–Saucedo*, 385 F.3d 533, 537 (5th Cir. 2004), time-served credit may not be awarded by a district court at sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). The record shows the district court was aware that it lacked authority to determine if time in state custody should be credited towards a sentence. The district court did, however, have the authority to vary downward at

No. 19-50999

sentencing when considering sentencing factors, but explicitly chose not to when it denied Madrid's motion for variance.

## VI.

The district court did not err in assessing a $5,000 monetary penalty under the AVAA, no discrepancy exists between the orally pronounced assessment and the written judgment, and the district court did not err by denying a downward variance for time served in state custody and imposing a sentence within the advisory guidelines range. Accordingly, the judgment of the district court is AFFIRMED.