**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4066

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA WAYNE CLEMONS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00015-KDB-DCK-1)

Submitted:  March 27, 2023                                        Decided:  April 20, 2023

Before AGEE and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Wayne Clemons pled guilty to distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1), and possession of child pornography involving a prepubescent minor and minor who had not attained the age of 12, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  The district court calculated Clemons' advisory imprisonment range under the U.S. Sentencing Guidelines Manual at 292 to 365 months and sentenced him to 300 months' imprisonment on the distribution count and a concurrent term of 240 months' imprisonment on the possession count followed by concurrent lifetime terms of supervised release.  The court also imposed assessments of $17,000 and $35,000 pursuant to 18 U.S.C. § 2259A(a).

Clemons' counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether Clemons' prison sentence is reasonable.  Clemons filed a pro se supplemental brief challenging his prison sentence and the assessments the district court imposed.  The Government did not file a response brief.  After conducting review pursuant to *Anders*, this court ordered supplemental briefing to address the potentially meritorious issues of whether there is reversible error in this case under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), and *United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021), and whether the district court reversibly erred in imposing the $52,000 in assessments without considering or explaining the 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572(a) factors.  The parties filed supplemental briefs addressing these issues.  We affirm in part, vacate in part, and remand.

2

Turning to Clemons' prison sentence, we review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard," *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted), for procedural and substantive reasonableness, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020).   In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.*  When rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).   If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).  "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (cleaned up).

3

We conclude that the district court did not reversibly err in calculating Clemons' Guidelines imprisonment range. Contrary to Clemons' arguments made in the *Anders* and pro se briefs, the district court did not reversibly err in enhancing his base offense level under USSG § 2G2.2(b)(4) and (5). We also discern no reversible error in the district court's remaining calculations relative to the Guidelines imprisonment range. The district court afforded counsel adequate opportunities to argue for an appropriate sentence and properly heard allocution from Clemons. After hearing argument and allocution and considering the advisory Guidelines range and the 18 U.S.C. § 3553(a) factors, the district court sentenced Clemons to concurrent terms of 300 and 240 months' imprisonment, addressing Clemons' arguments and explaining that such sentences were warranted in light of the nature and circumstances of his offense conduct, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of Clemons' offenses and to avoid unwarranted sentencing disparities among similarly situated defendants, 18 U.S.C. § 3553(a)(1), (2)(A), (6). The district court's explanation was sufficient to support the imposition of these terms. As to substantive reasonableness, Clemons does not overcome the presumption of reasonableness afforded to his below-Guidelines and within-Guidelines prison terms. We thus discern no abuse of discretion in the district court's imposition of Clemons' prison sentence.

Turning to the parties' supplemental briefs, whether there is reversible error under *Rogers* with respect to discretionary conditions of supervised release is a matter we review de novo. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022). Any supervised release conditions that are not "mandatory" under 18 U.S.C. § 3583(d) cannot be imposed

4

"without an exercise of the district court's discretion, based on its individualized assessment of the defendant and the statutory factors." *Rogers*, 961 F.3d at 297 (cleaned up). Accordingly, "in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *Singletary*, 984 F.3d at 345. A district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" of the Guidelines or a standing order of the court. *Rogers*, 961 F.3d at 299. Discretionary conditions of supervised release that appear for the first time in a written judgment, however, are nullities; a defendant has not been sentenced to those conditions, mandating the remedy of vacatur and a remand for resentencing. *Singletary*, 984 F.3d at 344, 346 & n.4.

The criminal judgment sets forth the concurrent lifetime terms of supervised release the district court ordered Clemons to serve, 4 mandatory conditions of supervised release required by 18 U.S.C. § 3583(d), 23 discretionary additional conditions of supervised release, and 13 discretionary sex-offender conditions of supervised release. The district court orally ordered that Clemons comply with the four mandatory conditions required by § 3583(d). We conclude after review of the record and the parties' briefs that the court also satisfied its obligation to orally pronounce the discretionary additional and discretionary sex-offender conditions of supervised release that appear in the criminal judgment through incorporation of the court's previously adopted standing orders listing these conditions. Clemons has not identified in his supplemental brief any discretionary

5

supervised release conditions appearing in the judgment that were not orally incorporated at the sentencing hearing.

We turn next to the $52,000 in assessments the district court imposed. Under 18 U.S.C. § 2259A(a), "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law," the district court "shall assess . . . not more than $17,000" on any person convicted of an offense under 18 U.S.C. § 2252A(a)(5) and "not more than $35,000" on any person convicted of any other offense for trafficking in child pornography. In imposing such assessments, a district court "shall consider" the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 (listing factors governing imposition of fines). 18 U.S.C. § 2259A(c). Section 3572(a) requires a district court to consider—in addition to the § 3553(a) sentencing factors—whether restitution is ordered and, if so, the amount of restitution before imposing a fine and to make specific findings on these factors. 18 U.S.C. § 3572(a); *United States v. Taylor*, 984 F.2d 618, 621 (4th Cir. 1993) (concluding that, under § 3572(a), district court must consider factors before imposing fine and must make specific factual findings on these factors); *see United States v. Madrid*, 978 F.3d 201, 206 (5th Cir. 2020) (comparing assessments under § 2259A to fines and explaining similarities).

After Clemons noted his appeal, the district court—which had deferred action on ordering restitution at the end of the sentencing hearing—granted the Government's unopposed request and ordered Clemons to pay $26,000 as restitution to victims. The district court never considered or made any factual findings about Clemons' restitution obligation before imposing the assessments. The district court also did not consider the

6

§ 3553(a) or § 3572(a) factors or make specific findings on these factors before imposing the assessments.  In imposing the assessments as it did, the district court reversibly erred. *See Fowler*, 948 F.3d at 668; *Provance*, 944 F.3d at 219-20 (concluding-in case where district court failed to explain how § 3553(a) factors supported sentence or to provide sentencing rationale-that sentence was procedurally unreasonable and vacating sentence).

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm Clemons' convictions and all portions of his sentence other than the $52,000 in special assessments.  We vacate the $52,000 in special assessments and remand to the district court for resentencing.

This court requires that counsel inform Clemons, in writing, of the right to petition the Supreme Court of the United States for further review.  If Clemons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Clemons.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*