# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2025

Lyle W. Cayce
Clerk

No. 24-40293
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Charlie James Jones,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CR-16-1

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Charlie James Jones pleaded guilty to Count 3 of a four-count indictment charging him with sex trafficking minors, in violation of 18 U.S.C. § 1591. The district court sentenced him to 190 months of imprisonment, to be followed by 10 years of supervised release. It also ordered $7,200 in restitution, to which the parties had stipulated at sentencing. Jones contends

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

that the restitution award is arbitrary and exceeds the amount authorized by statute because there is insufficient evidence of MV3's loss amount. While Jones did not timely appeal, the timeliness of the notice of appeal is a nonjurisdictional rule that may be, and was here, waived by the Government. *United States v. Dickerson*, 909 F.3d 118, 124 n.3 (5th Cir. 2018).

We pretermit a discussion of whether Jones's appeal waiver bars this appeal because appeal waivers are not jurisdictional, and we conclude that Jones has failed to establish any error in the district court's restitution order. *See United States v. Madrid*, 978 F.3d 201, 205-06 (5th Cir. 2020); *United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022); *see also United States v. Sepulveda*, 64 F.4th 700, 713 (5th Cir. 2023). Here, the court was authorized to order restitution in an amount that included, in relevant part, "the gross income or value to the defendant of the victim's services or labor." 18 U.S.C. § 1593(b)(3). Given the stipulations in the plea agreement regarding the gross income that Jones derived from the offense charged in Count 3, we are unpersuaded by his contentions that the restitution order is unauthorized and unsupported by the record. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.