# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-60315

CONSOLIDATED WITH

No. 25-60317

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCUS GUICE,

*Defendant—Appellant*.

———————————————————————

Appeals from the United States District Court
for the Southern District of Mississippi
USDC Nos. 3:21-CR-8-2, 3:21-CR-10-2

———————————————————————

Before JONES, RICHMAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Marcus Guice pleaded guilty, pursuant to a plea agreement with an appeal waiver, to conspiracy to possess with intent to distribute cocaine and was sentenced to 175 months of imprisonment, three years of supervised release, and a $1,000 fine. In a separate case, he pleaded guilty, pursuant to the same plea agreement, to possession with intent to distribute

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

25-60315
c/w No. 25-60317

methamphetamine and was sentenced to 175 months of imprisonment, five years of supervised release, and a $500 fine. Guice argues that the district court erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for manufacturing or distributing a controlled substance. The Government moves to enforce Guice's appeal waiver and dismiss the appeal and, alternatively, moves for summary affirmance based on its entitlement to enforce the waiver.

We review the enforceability of appeal waivers de novo. *United States v. Madrid*, 978 F.3d 201, 204 (5th Cir. 2020). To determine whether an appeal waiver bars an appeal, we conduct a two-step inquiry, first examining "whether the waiver was knowing and voluntary," and then considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (internal quotation marks and citation omitted). The record confirms that both conditions are met here.

Accordingly, the Government's motion to enforce the appeal waiver is GRANTED, and the appeal is DISMISSED. The Government's alternative motion for summary affirmance is DENIED.