# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-40440
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Chase Watson,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:23-CR-23-1

---

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Michael Chase Watson appeals the sentence imposed after he pleaded guilty to receipt and possession of child pornography. He argues that certain discretionary conditions of supervised release enumerated in the presentence report were not adequately pronounced at sentencing. Although the Government asks us to enforce the appeal waiver in Watson's plea

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

agreement, we need not address that issue. *See United States v. Madrid*, 978 F.3d 201, 205-06 (5th Cir. 2020). Watson fails to show that the district court erred, plainly or otherwise, by not expressly inquiring whether he reviewed the presentence report and its appendix with counsel before sentencing. The record supports the fact that the defendant had an opportunity to review the presentence report with counsel and a reasonable inference that he did so. *See United States v. Villafana-Mondragon*, 170 F.4th 360, 363-65 (5th Cir. 2026). Accordingly, we AFFIRM.

Dana M. Douglas, *Circuit Judge*, concurring:

I agree with the majority that under our precedent, we can infer from the record that Watson reviewed the presentence report ("PSR") with counsel before sentencing. However, for the same reasons espoused when I dissented in *Villafana-Mondragon*, the district court should have first confirmed that Watson reviewed the PSR. *See United States v. Villafana-Mondragon*, 170 F.4th 360, 366 (5th Cir. 2026) (Douglas, J., dissenting). As our en banc precedent states, the district court should confirm the defendant reviewed the PSR before sentencing can proceed. *United States v. Diggles*, 957 F.3d 551, 560 (5th Cir. 2020) (en banc).