# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2599

_____

United States of America,         *
         *
    Plaintiff-Appellee,     *
         *   Appeal from the United States
  v.             *   District Court for the
         *   Eastern District of Missouri.
Tanarius Damun Twiggs,    *
         *
    Defendant-Appellant.   *

_____

Submitted: March 12, 2012
Filed:  May 22, 2012

_____

Before MELLOY, SMITH, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Tanarius Damun Twiggs pleaded guilty to three counts of knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court[1] determined a prior state conviction qualified as a "controlled substance offense" pursuant to United States Sentencing Guidelines § 4B1.2(b) because the prior offense was for possession of a controlled substance with intent to distribute and not merely possession. Based on this determination, the

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

district court sentenced Twiggs as a career offender pursuant to § 4B1.1. Twiggs argues that it was error to sentence him as a career offender because infirmities with the state court records make it impossible to prove that he previously pleaded guilty to an offense involving an intent to distribute. We reject his arguments and affirm the judgment of the district court.

I.

The only issue Twiggs raises on appeal is his challenge to the application of U.S.S.G. §§ 4B1.1 and 4B1.2(b). The career offender provisions had a substantial impact on Twiggs's advisory Guidelines range. His base offense level without application of the provisions was 20. Twiggs received a 3-level reduction for acceptance of responsibility and was in Criminal History category IV. As such, without application of the career offender provision, his adjusted offense level would have been 17, and his advisory Guidelines range would have been 51–63 months. With application of the career offender provision and with the same reduction for acceptance of responsibility, his overall offense level was 31, and the advisory Guidelines range was 188–235 months. In addition, Twiggs provided substantial assistance, and the government moved for a traditional departure pursuant to U.S.S.G. § 5K1.1, recommending a sentence of 120 months. Defense counsel suggested a sentence of 84 months. After finding the career-offender provisions applicable and considering the parties' recommendations regarding substantial assistance, the court granted a departure and imposed a below-range sentence of 120 months with 6 years of supervised release. Even with this § 5K1.1 departure, Twiggs's overall sentence was substantially above the advisory range that would have applied in the absence of the career-offender determination.

The facts important to the present appeal relate to the records of Twiggs's prior state conviction and the introduction of evidence surrounding that conviction at two sentencing hearings in this case. Twiggs objected to the PSR to the extent it

characterized his prior state court conviction as a conviction for possession with intent to distribute. Along with his objection he submitted a copy of a state-court document that he and defense counsel had signed. The document was entitled "Petition to Enter Plea of Guilty," and it did not cite any section of the Revised Statutes of Missouri. At two places in the document Twiggs made reference to the charges against him as set forth in an Information. However, in other places there appeared handwritten descriptions of the offense that stated only, "C Felony of Poss," and admitted to conduct, stating that Twiggs "possessed a controlled substance." Twiggs also submitted a copy of the state-court docket sheet that indicated the "Nature of the Action" was "Poss. of cont. sub."

During Twiggs's first sentencing hearing, the government introduced certified copies of four documents from the prior state court proceedings. These included: (1) the docket sheet from the Circuit Court of Scott County, Missouri, in Case Number CR596-1397FX; (2) the Original Complaint for a State Warrant; (3) the Information; and (4) the Sentence and Judgment. The docket sheet contains a judge's initials on an entry describing the acceptance of Twiggs's guilty plea by the court. The Information and the Complaint charge Twiggs with violation of Revised Statutes of Missouri § 195.211, possession with intent to distribute. The Sentence and Judgment is not signed by a judge. Boxes are checked on the Sentence and Judgment indicating that the offense was a class C felony and that the charge was for "Poss of Controlled Subst with Intent to Distribute." Unlike the Information and the Complaint, the Sentence and Judgment does not identify the offense of conviction by citation to a section of the Revised Statutes of Missouri.

Twiggs submitted a statement signed by his attorney from the prior state court proceedings. The attorney disclaimed any independent recollection of Twiggs's plea or sentence but stated that, in general, it had not been the attorney's practice to negotiate plea agreements resulting in convictions for possession with intent to distribute. He also stated he would not have written "poss cont subs" on a Petition

to Enter Guilty Plea if the plea was to a charge of "possession with intent to distribute."

During the first sentencing hearing in the present federal case, the district court expressed reservations about the fact that the state court judge had not signed the Sentence and Judgment. The district court ordered the parties to submit briefs regarding the impact of the absence of a signature. The parties briefed the issue and the government emphasized a Missouri statute and Missouri cases holding that clerical errors in judgments and court records do not impact the validity of the judgments. The parties then convened for second sentencing hearing. At the second hearing the government introduced additional materials including a copy of Revised Statutes of Missouri § 195.211 as in effect on the date of the offense, November 8, 1996, and records from the Missouri Department of Corrections. The Department of Corrections records indicate that the offense of conviction was possession of a controlled substance "w/intent to distribute."

The district court held that the record sufficiently demonstrated that Twiggs had been convicted of possession with intent to distribute, as charged, and not some other offense. The district court applied the career offender provisions and sentenced Twiggs accordingly.

II.

The district court's factual determination that Twiggs was convicted for violating section 195.211 for possession of a controlled substance with intent to distribute is a factual determination that we review for clear error. See United States v. Forrest, 611 F.3d 908, 913 (8th Cir. 2010) ("Whether [a defendant] pleaded guilty to the same . . . offense that was charged in the criminal complaint is a question of fact."). The applicable standard of proof for this factual determination under the Guidelines is preponderance of the evidence. See United States v. Augustine, 663

F.3d 367, 374 (8th Cir. 2011) ("Only if we have a definite and firm conviction that a mistake has been made will we reverse the sentencing court's factual findings, which need only be made by a preponderance of the evidence.") (citations and internal quotation marks omitted). The question at issue is whether Twiggs pleaded guilty to the offense as charged or to a different offense involving mere possession.

U.S.S.G. § 4B1.2(b) defines the term "controlled substance offense" as including possession with intent to distribute. The definition does not encompass mere possession. United States v. Robinson, 639 F.3d 489, 495 (8th Cir. 2011). At the time of Twiggs's offense, the mere possession of any controlled substance (other than 35 grams or less of marijuana) was a class C felony in Missouri. Mo. Rev. Stat. § 195.202(2) (1996). Missouri also made the possession with intent to distribute any controlled substance (other than five grams or less of marijuana) a class C felony. Mo. Rev. Stat. § 195.211(2) & (3). Class C felonies in Missouri are punishable by up to seven years' incarceration. Mo. Rev. Stat. § 558.011.1(2). Given this regime, the state's classification of the offense, the duration of the actual sentence imposed, and the potential seven-year sentence (as identified in the Information, Complaint, and Petition to Enter Plea of Guilty), it is difficult to determine whether Twiggs's prior offense was for mere possession or possession with intent to distribute. Simply put, Missouri classified and punished possession and possession with intent to distribute in the same manner except in cases involving marijuana below set quantities.

Other information contained in the record, however, as well as Missouri law recognizing the validity of unsigned judgments, provide sufficient support for the district court's conclusion. First, the Sentence and Judgment identifies the offense as Possession of a Controlled Substance with Intent to Distribute. Certified records of state court proceedings are admissible to prove prior convictions. See United States v. Redding, 16 F.3d 298, 302–03 (8th Cir. 1994) (use of certified records); State v. Robb, 439 S.W.2d 510, 513 (Mo. 1969); See also Mo. Rev. Stat § 490.130. And the

-5-

absence of a judge's signature on the Sentence and Judgment does not make the document infirm as a matter of Missouri law. See Bowers v. State, 330 S.W.3d 832, 836–37 (Mo. Ct. App. 2011) (entry of judgment in improper form does not affect or impair the validity of the judgment); State v. Skaggs, 248 S.W.2d 635, 638 (Mo. 1952) (improper entry of judgment does not impact validity of judgment); See also Mo. Rev. Stat. § 546.590 (stating expressly that failure to properly enter judgment does not "affect or impair the validity of the judgment"). As such, the Sentence and Judgment is admissible evidence of the prior conviction, and the district court as fact finder is entitled to consider the weight to assign this piece of evidence. See United States v. Webster, 636 F.3d 916, 919 (8th Cir. 2011) ("In making its factual determination as to the existence of a prior conviction under a particular statute, . . . the district court may consider the credibility of any evidence presented to it.").

Similarly, the Information and the Complaint identify the offense as Possession of a Controlled Substance with Intent to Distribute, the Petition to Enter Plea of Guilty references the Information, and the docket sheet reflects that only one Information was filed in the case. The docket sheet also reflects that the Petition and the Information were entered into the docket on the same day. Further, the Information and the Complaint identify the offense with reference to Mo. Rev. Stat. § 195.211, the statutory provision criminalizing possession with intent to distribute.

As relevant to the present question, the Petition states as follows, with the bracketed material in handwritten form:

3.     I received a copy of the Information and understand that I am charged with the class [C Felony of Poss]. I have discussed the charge with my lawyer and fully understand the same.

. . .

5.     I know that the court must be satisfied that there is a factual basis for a PLEA OF GUILTY before my plea can be accepted. I

-6-

represent to the court that I did the following acts in connection with the charge made against me: [possessed a controlled substance]

In paragraph 3 of the Petition, then, Twiggs expressly referenced the Information. In paragraph 5, however, he admitted only to possession and made no reference to an intent to distribute.

We note also that the Department of Corrections documents refer to the offense in the same manner as the Sentence and Judgment but that Twiggs's state-court attorney described his past practice as generally not involving the negotiation of plea agreements for intent to distribute offenses.

Taken in its entirety, the outstanding question of whether Twiggs pleaded guilty to the offense charged or to a mere possession offense is not answered with complete clarity by this record. Our review, however, is only for clear error. Applying this standard, we believe the record is sufficient to support the district court's determination. The district court emphasized its reliance on the Sentence and Judgment, and had that document contained a signature, we have no doubt that the present issue would not be subject to debate. The absence of the signature does not make the document infirm as a matter of Missouri law, and the district court was entitled to exercise its authority as fact finder to conclude that the absence of a signature did not fatally detract from the value or credibility of the document. In addition, the strongest evidence in support of Twiggs's position is the omission of the language "with intent to distribute" from the Petition. This omission, however, is ambiguous at best and not conclusive; one of the two handwritten descriptions makes direct reference to the Information which unambiguously charged possession with intent to distribute. The court was not required to interpret this omission as restricting the extent of Twiggs's plea and could reasonably infer that, in light of the Information and the other evidence discussed, the failure to reference "intent to

distribute" within the Petition was merely an incomplete reference to the only charge in the case, the charge of possession with intent to distribute as set forth in the Information.

Finally, we note that Twiggs argues much of the record considered at sentencing by the district court should not have been considered because it would not qualify for purposes of the modified categorical approach as described in <u>Shephard v. United States</u>, 544 U.S. 13, 23 (2005). <u>Shephard</u>, however, does not control in the present context. The present case does not involve application of the modified categorical approach; rather, the present question is a factual inquiry into whether Twiggs pleaded guilty to the offense as charged or to a different offense. As to this separate question, the court is not limited in its inquiry to examine only <u>Shephard</u>-qualifying materials.

We affirm the judgment of the district court.

_____