# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 19-1082

———————————————

United States of America

*Plaintiff - Appellee*

v.

Stanley William Silva

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

————————

Submitted: November 12, 2019
Filed: December 13, 2019

————————

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

————————

KOBES, Circuit Judge.

Stanley William Silva pleaded guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court[1] found he was a career

———————————————

[1] The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had two state convictions for serious drug offenses and a state burglary conviction that was a violent felony. He was sentenced to 15 years in prison (the minimum sentence for a career offender) followed by five years of supervised release. He appeals, challenging the district court's finding that his burglary conviction was under Miss. Code § 97-17-23 and therefore an ACCA predicate offense. We affirm.

A "violent felony" under the ACCA includes any state or federal felony that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). To decide whether a state conviction qualifies as generic burglary, courts apply the categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense." *United States v. Shockley*, 816 F.3d 1058, 1062 (8th Cir. 2016). However, before applying the categorical approach, the district court must determine the statute of conviction. *See United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012). This is a factual finding that we review for clear error. *Id.*

There are two possible statutes of conviction for Silva's burglary offense (called "Burglary & Larceny" on the judgment and the "notice of criminal disposition" reviewed by the district court).[2] One, Miss. Code § 97-17-23, defines burglary as "breaking and entering the dwelling house or inner door of such dwelling house of another . . . with intent to commit some crime therein," and can result in up to 25 years in prison. The other, Miss. Code § 97-17-33(1), defines burglary as the breaking and entering of structures other than a dwelling house, and can be punished by up to seven years in prison. The parties agree that § 97-17-23 describes generic burglary while § 97-17-33(1) is overbroad and not an ACCA predicate offense.

The district court considered three documents attesting to Silva's conviction to determine that he had been convicted under § 97-17-23. First, a Lee County

---

[2] Mississippi does not have a crime called "Burglary & Larceny."

Circuit Court Order, dated February 15, 2000, entering judgment against him on a guilty plea of "Burglary & Larceny," and "sentenc[ing him] to serve a term of twenty-five (25) years" in prison, suspending 15 years. Second, an indictment, dated October 25, 1999, to which he pleaded "guilty as charged," charging him with "willfully, feloniously and burglariously break[ing] and enter[ing] a certain dwelling . . . with the felonious and burglarious intent to take, steal, and carry away [] goods, chattels and personal property . . . ." Third, a notice of criminal disposition to the Mississippi Department of Corrections, dated February 24, 2000, recording a single conviction for "Burglary & Larceny." No document references the statute of conviction.

The district court did not commit clear error in deciding that Silva was convicted for violating § 97-17-23. The indictment tracks the language of that statute by describing his crime as breaking into a dwelling, not one of the other structures listed in § 97-17-33(1) and the judgment notes that he pleaded "guilty as charged" in the indictment. Plus, his 25-year sentence is only possible under § 97-17-23.

Although Silva has not offered any other explanation for his conviction and sentence, he argues against "reasoning backward" in this way. Specifically, Silva claims that determining the statute of conviction based on the sentence and language in the indictment and plea does not comport with "'*Taylor*'s demand for certainty' when determining whether a defendant was convicted of a generic offense." *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) (quoting *Shepard v. United States*, 544 U.S. 13, 21 (2005)). However, the "demand for certainty" refers to our need to be certain, when applying the modified categorical approach, that a given conviction represents a finding that a defendant committed the generic version of a crime. The modified categorical approach is separate from the factual inquiry into the statutory basis of a conviction that is at issue here. *Twiggs*, 678 F.3d at 676. In this context, we affirm if the district court did not clearly err, even though records may not establish the statute of conviction "with complete clarity." *Id.* at 675.

-3-

The documents reviewed by the district court show that Silva broke into a dwelling and committed the crime of larceny.  That conduct is criminalized by Miss. Code § 97-17-23.  The elements of § 97-17-23 describe the generic offense of burglary.  Therefore, the district court correctly classified Silva as a career offender and his sentence is affirmed.

_____