# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2022

Lyle W. Cayce
Clerk

No. 21-60535

United States of America,

*Plaintiff—Appellee*,

*versus*

Albert Thompson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-93-1

Before Dennis, Elrod, and Ho, *Circuit Judges*.

Per Curiam:

Albert Thompson pleaded guilty to possessing a firearm after a felony conviction and was sentenced under 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA), to a mandatory minimum of 180 months in prison. He appeals, arguing that his prior Mississippi convictions for burglary do not qualify as crimes of violence under the ACCA, and that the convictions, which occurred when he was a minor, are invalid because the juvenile court never properly transferred jurisdiction to the circuit court. The Government disagrees. It also moved to dismiss based on a waiver of appeal in Thompson's plea agreement.

No. 21-60535

Because we conclude that Thompson's arguments are without merit, we pretermit the waiver issue. We also decline to consider an argument Thompson first raised in his reply brief. The judgment of the district court is AFFIRMED and the Government's motion to dismiss is DENIED.

## I.

In July 2019, Thompson was charged by superseding indictment with one count of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). Thompson pleaded guilty. Thompson's plea agreement contained a waiver of his right to appeal his conviction or sentence "on any ground whatsoever." Thompson's presentence report (PSR) concluded that he qualified for enhanced sentencing under the ACCA based on four prior convictions for burglary of a dwelling, Miss. Code § 97-17-23, three of which occurred when Thompson was sixteen years old. Thompson objected, arguing that Mississippi's crime of burglary of a dwelling is broader than the generic definition of burglary in the ACCA. The district court overruled this objection, adopted the findings in the PSR, and sentenced Thompson to the ACCA's mandatory minimum of 180 months imprisonment.

Thompson timely appealed. The Government filed a motion to dismiss, or in the alternative for summary affirmance, on the basis of Thompson's appeal waiver. Noting that appeal waivers are unenforceable against challenges to sentences that exceed the statutory maximum, *see United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021), a motions panel denied the request for summary affirmance and carried the motion to dismiss with the case.

## II.

This court "reviews the application of a § 924(e) sentencing enhancement de novo. The district court's factual findings are reviewed for clear error." *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008)

2

(citations omitted). We review whether an appeal waiver bars an appeal de novo. *Kim*, 988 F.3d at 808.

Following the wisdom of our colleagues, "[w]e conclude that resolution of the waiver issue would be more difficult than resolving whether [Thompson's] state convictions were [crimes of violence]" and so pretermit the issue. *United States v. Barlow*, 17 F.4th 599, 602 (5th Cir. 2021). As to the two arguments Thompson properly presents on appeal, we find neither persuasive. Thompson argues that three of his prior burglary convictions are invalid because the youth courts in which delinquency proceedings were initiated never properly transferred jurisdiction to the circuit courts which eventually convicted him. The record does not support this assertion. Rather, it shows that jurisdiction was transferred from the youth to circuit court in Rankin County in conformity with Mississippi law. We reject Thompson's challenge to his conviction on this basis.

Thompson also argues that Mississippi's crime of burglary of a dwelling is broader than the generic crime of burglary incorporated into the ACCA, and therefore his convictions for the former cannot serve as predicates for sentencing enhancements under the latter. The ACCA enhances sentences for § 922(g) convictions for, among other situations, persons previously convicted of violent felonies on three different occasions. 18 U.S.C. § 924(e)(1). The ACCA counts "burglary" as a crime of violence. § 924(e)(2)(B)(ii). To determine whether a state's burglary statute qualifies as a "burglary" under the ACCA, we compare the elements of the state offense to the elements in the generic definition of burglary in the ACCA. *Mathis v. United States*, 579 U.S. 500, 504 (2016). "[A] state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense." *Id.* at 509.

No. 21-60535

The Mississippi crime for which Thompson was previously convicted, burglary of a dwelling, has three elements: (1) unlawful breaking and entering; (2) of a dwelling house; (3) with intent to commit a crime therein. *Ward v. State*, 285 So. 3d 136, 140 (Miss. 2019); *Bowman v. State*, 283 So. 3d 154, 161 (Miss. 2019). A "dwelling house" is defined as "[e]very building joined to, immediately connected with, or being part of the dwelling house." MISS. CODE § 97-17-31. The ACCA's generic definition of burglary also has three elements: "[1] unlawful or unprivileged entry into, or remaining in, [2] a building or other structure, [3] with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). Thompson argues that the second elements of the two definitions do not match up. Specifically, he claims that Mississippi's "dwelling house" is broader than the ACCA's "building or structure" because a dwelling house may include buildings like garages, sheds, or storage buildings that are connected to buildings used for human habitation. We fail to see how these would not be "buildings or structures" under the ACCA. *See United States v. Montgomery*, 974 F.3d 587, 592–93 (5th Cir. 2020) (rejecting argument that Louisiana law criminalizing burglary of structures "appurtenant to or connected with a residential home" was broader than ACCA's "buildings or structures"); *see also United States v. Silva*, 944 F.3d 993, 996 (8th Cir. 2019) ("The elements of § 97-17-23 describe the generic offense of burglary."). We thus hold that Mississippi's crime of burglary of a dwelling is a crime of violence under the ACCA.

Finally, Thompson argues that the three burglaries in Rankin County were part of one episode and should only be counted as one "occasion" for the purposes of the ACCA. Because Thompson raised this argument only in his reply, we do not consider the issue. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

4

No. 21-60535

\*     \*     \*

For the foregoing reasons, the judgment of the district court is AFFIRMED and the Government's motion to dismiss is DENIED as moot.