# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10663
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Jerome Davis, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-7-1

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ronald Jerome Davis, Jr., challenges his guilty-plea conviction, pursuant to a written plea agreement, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) (prohibiting felons in possession), 924(a)(2) (outlining penalty for knowing violation). He contends for the first time on appeal that the court erred in accepting his

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10663

guilty plea because § 922(g)(1) violates the Second Amendment and the Commerce Clause. He also maintains his plea agreement's appeal-waiver provision should not bar consideration of his contentions. The Government disagrees. Because Davis' substantive contentions fail under plain-error review, as provided *infra*, we need not consider waiver *vel non*. *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022) (pretermitting waiver issue when court could affirm on merits).

Davis (as he concedes) did not preserve his two constitutional claims in district court. Accordingly, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Davis must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Davis' Second Amendment challenge is grounded in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (announcing rule for assessing whether statute infringes on Second Amendment). Because no binding precedent concludes § 922(g)(1) violates the Second Amendment, our court rejects plain-error challenges to the provision under *Bruen*. *E.g.*, *United States v. Jones*, No. 23-10198, 2023 WL 8074295, at *2 (5th Cir. 21 Nov. 2023).

Additionally, Davis' assertion that § 922(g)(1) is unconstitutional because it exceeds Congress' Commerce-Clause authority is, as he concedes, foreclosed by precedent. *See, e.g.*, *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (concluding precedent forecloses contention that

2

No. 23-10663

§ 922(g)(1) violates Commerce Clause).  He raises the issue to preserve it for possible further review.

AFFIRMED.

Judge Oldham would enforce the appeal waiver.