# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10578
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

John Michael Carrasco,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-64-1

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

John Michael Carrasco pleaded guilty, pursuant to a written plea agreement, to possession of a firearm after felony conviction, in violation of 18 U.S.C. § 922(g)(1).  On appeal, he raises multiple claims challenging his conviction.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10578

As an initial matter, Carrasco argues that the appellate waiver provision of his plea agreement should not bar consideration of his appellate claims, while the Government argues that the waiver covers his constitutional claims and should be enforced.  Because the appeal waiver does not implicate our jurisdiction and Carrasco's substantive issues are easily resolved, we pretermit the waiver issue.  *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022).

Because Carrasco did not raise these arguments in the district court, our review is for plain error only.  *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014); *United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013).  To prevail on plain error review, Carrasco must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes this showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, citation, and alteration omitted).

As for the merits of his claims, Carrasco first argues that § 922(g)(1) is unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022), which announced a new test for assessing whether a statute infringes the Second Amendment.  Applying plain error review, we recently rejected a similar *Bruen*-based argument.  *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023).  Accordingly, Carrasco's Second Amendment claim fails.

Next, Carrasco contends that his stipulation that the firearm he possessed previously traveled in interstate commerce was insufficient to establish the requisite nexus between his conduct and commerce under § 922(g)(1).  However, he correctly concedes that we have held that § 922(g)(1)'s "'in or affecting commerce' element can be satisfied if the

firearm possessed by a convicted felon had previously traveled in interstate commerce." *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996) (quote at 242) (citing *Scarborough v. United States*, 431 U.S. 563, 575 (1977)); *see United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). In the alternative, Carrasco argues that if the prevailing interpretation of § 922(g)(1) is correct, then the statute exceeds Congress's authority under the Commerce Clause. However, as Carrasco also acknowledges, we have upheld the constitutionality of § 922(g)(1), even after the Supreme Court's opinion in *United States v. Lopez*, 514 U.S. 549 (1955). *See*, *e.g.*, *Jones*, 88 F.4th at 573; *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *Rawls*, 85 F.3d at 242-43. Under the rule of orderliness, we are compelled to following our existing precedent unless the Supreme Court "unequivocally" overrules it. *See Jones*, 88 F.4th at 573 (internal quotation marks and citation omitted). Accordingly, Carrasco's factual basis and Commerce Clause arguments lack merit.

AFFIRMED.