# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-10489
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Eduardo Baez,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-368-1

———————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Luis Eduardo Baez pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues for the first time on appeal that the district court erred in accepting his guilty plea because § 922(g)(1) is unconstitutional under the Commerce Clause and the Second Amendment. The Government urges that the appeal waiver in Baez's plea

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10489

agreement bars consideration of his claims.  However, as the appeal waiver does not implicate our jurisdiction, and Baez's substantive issues are easily resolved, we pretermit the waiver issue.  *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022); *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

Because Baez did not raise his arguments before the district court, we review them for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009).  To show plain error, Baez must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights.  *Id.* at 135.  If he satisfies the first three requirements, we may remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Baez first argues that the factual basis for his plea failed to establish the requisite nexus to interstate commerce, as the statute requires more than the mere movement of a firearm in interstate commerce.  He further argues that § 922(g)(1) unconstitutionally exceeds Congress's enumerated powers under the Commerce Clause.  Baez correctly acknowledges that these arguments are foreclosed.  *See, e.g.*, *United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023); *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003).  Baez's Second Amendment argument is grounded in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), which announced a new test for assessing whether a statute infringes the Second Amendment.  597 U.S. at 17.  We have recently rejected the argument, considered under the plain error standard, that § 922(g)(1) infringes the Second Amendment under *Bruen*.  *See, e.g.*, *Jones*, 88 F.4th at 573–74.  Baez's *Bruen* contention is therefore unavailing.

No. 23-10489

Finally, Baez contends that his guilty plea was not knowing and voluntary and that his due process rights were violated when the district court failed to advise him that § 922(g)(1) was unconstitutional. Federal Rule of Criminal Procedure 11(b)(1)(G) "requires that defendants understand the nature of the charge against them, which 'refers to the elements of the offense.'" *United States v. Jones*, 969 F.3d 192, 198 (5th Cir. 2020) (quoting *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002)). "To satisfy this requirement, 'the court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge.'" *Id.* (quoting *Reyes*, 300 F.3d at 559). Despite his assertions to the contrary, the district court was under no obligation to inform Baez that § 922(g)(1) is unconstitutional because, as discussed above, there is no precedent explicitly so holding. Moreover, the record reflects that the district court complied with its obligation to ensure that Baez understood the nature of the charge against him.

AFFIRMED.