# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2024

Lyle W. Cayce
Clerk

———————

No. 23-10126

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Warren Ledominique Davis,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-241-1

———————————————————————

Before Jolly, Smith, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Warren Ledominique Davis pleaded guilty to possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). On appeal, for the first time, Davis argues that the Second Amendment bars his conviction and that his appeal waiver should not preclude this claim. We need not address Davis's appeal waiver argument. This appeal is resolved under plain error review. *See*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10126

*United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022); *United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *2 (5th Cir. Sept. 8, 2023).

We review Davis's Second Amendment argument under plain error, because he did not present this issue before the district court. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). "Plain error is 'clear' or 'obvious' error that affects 'substantial rights' of the defendant and 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Sanchez*, 325 F.3d 600, 603 (5th Cir. 2003) (quoting *United States v. Saenz*, 134 F.3d 697, 701 (5th Cir. 1998)).

Davis's Second Amendment argument is grounded in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022), which announced a new test for assessing whether a statute infringes the Second Amendment. We recently declined to address the argument, where, as here, our review was under the plain error standard, that Section 922(g)(1) infringes the Second Amendment under *Bruen*. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023). Consequently, under our precedent, the district court did not plainly error by accepting Davis's guilty plea. In the light of the foregoing, the judgment of the district court is, in all respects,

AFFIRMED.