# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2024

Lyle W. Cayce
Clerk

No. 22-40714

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel Moya,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-290-1

_____

Before King, Ho, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Manuel Moya pleaded guilty pursuant to a plea agreement to possession with intent to distribute more than five kilograms of cocaine, as well as possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He argues for the first time on appeal that § 922(g)(1) is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Government argues that the appeal waiver

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in Moya's plea agreement bars consideration of his claim. However, as the appeal waiver does not implicate our jurisdiction, and Moya's constitutional argument is easily resolved, we pretermit the waiver issue. *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022); *United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006).

Because Moya did not raise this argument before the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). Moya's plain-error challenge to the constitutionality of § 922(g)(1) is foreclosed by our decision in *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023). In *Jones*, we noted that we have "not yet addressed the impact of *Bruen* on the constitutionality of § 922(g)(1) in a case in which the issue was preserved in the district court." *Id.* at 573. "Given the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that *Bruen* dictates such a result," we held in *Jones* that the defendant's plain-error challenge to § 922(g)(1)'s constitutionality based on *Bruen* failed. *Id.* at 574.

This court has continued to apply *Jones*'s precedent following the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *See United States v. Wilson*, No. 23-50509, 2024 WL 3610416, at *2 (5th Cir. Aug. 1, 2024); *United States v. Hildreth*, No. 22-20301, 2024 WL 3491773, at *5 (5th Cir. July 22, 2024); *United States v. Chavez*, No. 24-10064, 2024 WL 3201731, at *1 (5th Cir. June 27, 2024). We see no reason to stray from *Jones* here, since there is still an absence of binding precedent holding that § 922(g)(1) is unconstitutional, and it remains unclear whether *Bruen*—even with *Rahimi*'s clarification—dictates such a result. Accordingly, we find that Moya's plain-error challenge fails.

AFFIRMED.