# United States Court of Appeals for the Fifth Circuit

---

No. 25-10178
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MAURICE WILSON, JR.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:24-CR-13-1

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Maurice Wilson, Jr., appeals his guilty-plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) both: (1) exceeds Congress's authority under the Commerce Clause; and (2) violates the Second Amendment as applied to him under the test set forth in *New York State Rifle & Pistol Ass'n, Inc. v.*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10178

*Bruen*, 597 U.S. 1 (2022). Wilson and the Government dispute whether the appeal waiver in his plea agreement bars these claims. They agree, however, that his claims are foreclosed by this court's decisions. The Government thus seeks summary affirmance, to which Wilson does not object.

We pretermit consideration of the applicability of Wilson's appellate waiver because summary affirmance is appropriate in this case. *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022). Wilson's *Bruen* challenge is foreclosed by decisions from this court holding that felons like Wilson may be disarmed while still serving a felony sentence. *See United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025); *United States v. Contreras*, 125 F.4th 725, 732-33 (5th Cir. 2025). His Commerce Clause challenge is also foreclosed. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024). Summary affirmance is thus warranted. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion to dismiss this appeal based on the appeal waiver in Wilson's plea agreement is DENIED. Its motion for summary affirmance is GRANTED, the district court's judgment is AFFIRMED, and the Government's alternative motion for an extension of time to file a brief is DENIED.