# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2026

Lyle W. Cayce
Clerk

No. 25-10434

United States of America,

*Plaintiff—Appellee*,

*versus*

Nautica Blu Hamilton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-50-1

Before Smith, Wiener, and Higginson, *Circuit Judges*.
Jerry E. Smith, *Circuit Judge*:

Nautica Hamilton pleaded guilty of production and attempted production of child pornography. Her plea agreement contained an appeal waiver. At sentencing, the government referenced Hamilton's sex in advocating she receive the statutory maximum. Hamilton did not object to the statements in the district court, which sentenced Hamilton to the statutory maximum but did not reference her sex in its reasoning.

Hamilton appeals, asserting that the appeal waiver does not bar this appeal and that the government's statements violate the Fifth Amendment's

No. 25-10434

equal protection guarantee. Because Hamilton cannot show plain or structural error, we affirm.

I.

Employed as a day care worker at the Lubbock YWCA, Hamilton photographed "a close-up of the vulva of an infant with an adult hand spreading the infant's labia majora to expose the vaginal entrance." Hamilton distributed the photo on a social media platform. The infant, Jane Doe 1, was about 18 months old at the time.

Per a plea agreement containing an appeal waiver, Hamilton pleaded guilty of one count of production and attempted production of child pornography in violation of 18 U.S.C. § 2251(a). The waiver contained exceptions for a sentence exceeding the statutory maximum punishment, an arithmetic error at sentencing, a challenge to the voluntariness of the plea of guilty or the waiver, or a challenge based on ineffective assistance of counsel. Hamilton's offense level of 43 and criminal history category of I ordinarily would have corresponded to an advisory guidelines range of life imprisonment, but the statutory maximum limited it to 360 months. *See* U.S.S.G. § 5G1.1(a).

The government advocated the statutory maximum based on (1) the facts of Hamilton's criminal conduct, including her betrayal of children she was entrusted to protect; (2) the impact on the victims, their families, the YWCA facility, and the Lubbock community; and (3) the fact that the government could have brought additional charges relating to a second victim and Hamilton's distribution of the first victim's photograph but did not do so in consideration of Hamilton's young age and other history and characteristics. At the sentencing hearing, the prosecutor stated those reasons, but also referenced Hamilton's sex:

> But what makes this more shocking—and we discussed this
> in length at our response to the defendant's motion for a down-

No. 25-10434

ward variance. But as a young female, one can already assume that women probably should have a more nurturing, more protective feeling towards children than maybe men do. I think that's a societal assumption. Whether it's true or not, that is probably why, when people go to daycares or hire daycare workers, they think women may be a safer fit.

Despite being a young female, she had no thought but to attempt to make money somehow by sexually abusing these young female children.

. . .

While I am not going to try to weigh in on female biology and at what point Ms. Hamilton may or may not be able to have children anymore, but by my calculation, at twenty-one years of age today, a 30-year sentence may be the best way to prevent Ms. Hamilton from being able to have her own children, because if she was willing to do this with two children she was protecting, or supposed to be protecting, in her position as a daycare worker, there's no telling what she would do behind closed doors with her own children.

Hamilton did not object to that statement in the district court.

Citing the nature of the criminal conduct and the impact on the victims, the district court sentenced Hamilton to 360 months, to run concurrently with any sentences imposed in Hamilton's two related state criminal cases that were pending. The district court also imposed 10 years of supervised release and restitution of $4,282.90. Hamilton appeals.[1]

_____

[1] Because this appeal is more easily solved on the merits, we pretermit the issue regarding the appeal waiver. *See United States v. Thompson*, 54 F.4th 849, 851 (5th Cir. 2022) (per curiam).

II.

A claim of error at sentencing is generally reviewed under the plain-error standard if no objection was made in the district court. *See Puckett v. United States*, 556 U.S. 129, 134–36 (2009). But if a defendant can show structural error, we reverse "even when the challenge was not preserved." *United States v. Kirchner*, 161 F.4th 266, 272 (5th Cir. 2025).

III.

Hamilton alleges that the government improperly considered her sex when formulating a sentencing recommendation, violating the Fifth Amendment's equal protection guarantee. Because Hamilton did not object to the government's statements regarding her sex in the district court, she must show plain or structural error. *See Puckett*, 556 U.S. at 134–36; *Kirchner*, 161 F.4th at 272.

**A.**

To satisfy the plain-error standard, Hamilton must show, among other things, that the error affected her substantial rights. *Puckett*, 556 U.S. at 135 (citation modified). That means that Hamilton must "demonstrate a reasonable probability that, but for the district court's error, she would have received a lesser sentence." *United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014) (citation modified). Though the government made statements referencing Hamilton's sex, the district court did not explicitly rely on Hamilton's sex in sentencing her to the statutory maximum. The district court instead emphasized the seriousness of the offense, Hamilton's motivation for committing the crime, and the significant abuse of trust considering the vulnerability of the victims.

Because the record does not indicate that the district court would have imposed a lesser sentence without the government's comments at sentenceing, Hamilton cannot show that the sentence affected her substantial rights

and therefore cannot succeed on plain error review. *See United States v. Trotter*, 157 F.4th 767, 770–71 (5th Cir. 2025) (quoting *United States v. Kirkland*, 851 F.3d 499, 503 (5th Cir. 2017)).

B.

"Structural error is constitutional error that affects the framework within which the trial proceeds, rather than being simply an error in the trial process itself." *Kirchner*, 161 F.4th at 272 (citation modified). Structural errors "infect the entire trial process" and "necessarily render a trial fundamentally unfair." *Neder v. United States*, 527 U.S. 1, 8 (1999) (citation modified).

Hamilton asks us to recognize prosecutorial bias as a ground for structural error, citing the Supreme Court's recognition of structural error for biased judges and juries. *See id.* (collecting cases). But the Court has cautioned lower courts that structural error occurs in only a "very limited class of cases," and a prosecutor's allegedly improper statements at sentencing do not "affect[] the framework" in which the sentencing proceeds to the point that they "necessarily render [the sentencing] fundamentally unfair." *Id.* (citation modified); *see also United States v. Wyly*, 193 F.3d 289, 298–99 (5th Cir. 1999) (subjecting alleged prosecutorial misconduct at trial only to harmless-error review). That is especially true where, as here, the district court did not reference the government's statements in announcing Hamilton's sentence. Hamilton cannot show structural error.

AFFIRMED.