# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN ANTHONY PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-310-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John Anthony Perez pleaded guilty to three counts of sexual exploitation of a child and was sentenced to a cumulative prison term of 750 months and to three concurrent 20-year terms of supervised release. *See* 18 U.S.C. § 2251. Relying on *Rutledge v. United States*, 517 U.S. 292, 301-03 (1996), Perez appeals the imposition of three additional special assessments of $5,000 each,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41201

contending that he is indigent and that these assessments thus constitute illegal punishment. *See* 18 U.S.C. § 3014. We affirm.

Perez concedes that he failed to raise this claim in the district court. The parties disagree about the standard of review, but we pretermit that question because it is irrelevant whether error was preserved, as Perez can demonstrate no error at all. *See United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012); *United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Under § 3014(a)(3), the district court shall assess a $5,000 additional special assessment "on any non-indigent person" who was convicted of a crime relating to the sexual exploitation and other abuse of children, as Perez was. The statute does not require an express finding of non-indigency, *see* §3014, and Perez cites no case holding that an express finding is required. By adopting the presentence report, including its representations of financial worth (none of which Perez disputes), and imposing the special assessments, the district court implicitly determined that Perez was not indigent. *See United States v. Rodriguez-Rodriguez*, 388 F.3d 466, 468 n.8 (5th Cir. 2004). Perez does not show why this implicit finding is inadequate or erroneous.

Contrary to Perez's contention, a conclusion of non-indigency is not precluded by other orders entered in the case that depended on financial status. Perez does not show how a magistrate judge's analysis of preliminary financial information, when undertaking the task of ensuring Perez's Sixth Amendment right to counsel, bars a later conclusion of non-indigency based on the more revealing information about Perez's total net worth given in the presentence report. Neither does Perez show how it is that the non-imposition of a fine impacts the additional special assessment decision, given that the fine range of $50,000 to $250,000 vastly exceeds the sum of the additional special assessments. Regarding the waiver of interest on the $450,000 restitution

2

order, Perez fails to cite the applicable interest rate and to provide a dollar amount to allow us to analyze his argument concerning the relative burdens of interest payments and additional special assessments. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

That the presentence report referenced an incorrect offense in its discussion of the special assessments does not mean, as Perez contends, that it is doubtful the district court was aware of the statutory requirement of non-indigency. District courts are "presumed to know the law and to apply it in making their decisions." *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002). Moreover, the presentence report correctly cited to the statute requiring that special assessments be imposed.

Perez fails to show any error at all in the imposition of the additional special assessments. *See Teuschler,* 689 F.3d 397, 400. Therefore, we do not disturb the judgment.

AFFIRMED.