# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2025

Lyle W. Cayce
Clerk

No. 23-50569

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TREVOR DYLAN LEHEW,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1962-1

_____

Before RICHMAN, GRAVES, and RAMIREZ, *Circuit Judges*.

PRISCILLA RICHMAN, *Circuit Judge*:

Trevor Dylan Lehew pleaded guilty to Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c). As part of his written plea agreement, he waived his right to appeal, with certain exceptions. He now challenges a $5,000 special assessment that the district court imposed under the Justice for Victims of Trafficking Act.[1] Lehew argues that the appeal waiver does not apply because he is indigent and that the special assessment

---

[1] Justice for Victims of Trafficking Act of 2015 § 101, 18 U.S.C. § 3014(a).

is a sentence "in excess of the statutory maximum."[2]  Because the district court did not "fail[] to conduct the requisite [indigency] analysis altogether," and implicitly found Lehew was not indigent by considering his future earning potential, "the statutory-maximum exception does not apply"[3] and Lehew's challenge is barred by his appeal waiver.  Accordingly, we affirm the district court's judgment.

## I

Lehew was indicted on three counts of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. § 2241(c).  Lehew and the United States entered into a written plea agreement, under which Lehew agreed to plead guilty to one count and the government agreed to dismiss the remaining charges.  The parties agreed to recommend a prison sentence of thirty-five years to run concurrently with Lehew's existing state sentences imposed under Texas law for other sex crimes.

Lehew's guilty plea implicates the Justice for Victims of Trafficking Act and its associated $5,000 special assessment.  Under 18 U.S.C. § 3014(a), "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 109A."[4]  This is often referred to as a "JVTA special assessment."  Chapter 109A of 18 U.S.C. includes the statute under which Lehew was convicted, 18 U.S.C. § 2241(c).  Lehew must pay the JVTA special assessment unless he is indigent.

---

[2] *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019) (quoting *United States v. Keele*, 755 F.3d 752, 756 (5th Cir. 2014)).

[3] *United States v. Alfred*, 60 F.4th 979, 982 (5th Cir.), *cert. denied*, 144 S. Ct. 145 (2023).

[4] 18 U.S.C. § 3014(a).

No. 23-50569

Lehew's plea agreement includes a "Waiver of Right to Appeal or Challenge Sentence," with the following language:

> In exchange for the concessions made by the United States in this agreement, Defendant voluntarily and knowingly waives the right to appeal the conviction or sentence on any ground, including any challenge to the constitutionality of the statute of conviction; any claim that Defendant's conduct did not fall within the scope of the statute of conviction; any challenges to the determination of any period of confinement, monetary penalty or obligation, restitution order or amount, term of supervision and conditions; and any other claim based on rights conferred by 18 U.S.C. § 3742 or 28 U.S.C. § 1291.

The appeal waiver includes exceptions not relevant to this appeal, such as certain ineffective assistance of counsel or prosecutorial misconduct claims.

Lehew pleaded guilty before a United States Magistrate Judge and confirmed that he understood the rights he waived and the penalties he faced. However, when describing the penalties, the Magistrate Judge apparently misspoke, stating that Lehew would be subject to "a *$25,000* special assessment if . . . deemed to be non-indigent at the time of sentencing." No party corrected the Magistrate Judge. The Magistrate Judge recommended that the court accept Lehew's guilty plea, and the district court did so.

The United States Probation Office prepared a presentence investigation report (PSR), which the district court adopted in its Statement of Reasons. The PSR describes facts related to Lehew's purported indigency. The PSR states that he currently has no income or assets and has $14,220 in liabilities. Prior to being incarcerated in state prison, Lehew worked on and off for about six years, mainly as an auto mechanic. Lehew earned between $279.50 and $2,000 per month over this period of time, except for one month where he earned $8,666.67. Lehew served in the Army as a vehicle mechanic but was honorably discharged after thirty months of

3

service because he was deemed unfit to continue to serve.  The PSR also details Lehew's mental and emotional health history, including his history of PTSD, ADHD, depression, suicidal ideation, and substance abuse.

The district court sentenced Lehew to 420 months (35 years) of imprisonment to run consecutive to (rather than concurrent with) his state prison sentences, a $100 special assessment, the $5,000 JVTA special assessment, and supervised release.  The district court began the sentencing hearing by stating that Lehew was subject to "a statutory penalty of 30 years to life, a $250,000 fine, up to life of supervision and a $100 special assessment," but the court did not at that time mention the JVTA special assessment.  The court made the same omission when announcing the sentence near the end of the hearing.  The court then asked: "Anything further on behalf of the Government?"  The Assistant United States Attorney responded that the indictment invoked the JVTA special assessment.  After briefly conferring with a probation officer, who confirmed that the special assessment applied to Lehew, the court announced that "[t]here will be a $5,000 special assessment imposed in this case."  Neither the court nor the parties analyzed or discussed Lehew's potential indigency or finances during the hearing.  At the hearing, Lehew did not object to the JVTA special assessment or argue that he is indigent.

Notwithstanding his appeal waiver, Lehew timely appealed his sentence.  Lehew's counsel moved to withdraw and filed an accompanying brief in accordance with *Anders v. California*.[5]  Lehew's counsel, per her *Anders* obligations, verified that the Government will enforce the appeal waiver.[6]  We carried the motion and ordered Lehew's counsel to provide

_____

[5] 386 U.S. 738 (1967).

[6] *See United States v. Davis*, 530 F.3d 318, 320 (5th Cir. 2008) (per curiam).

4

briefing on whether Lehew can contest the JVTA special assessment "based on a finding of non-indigence [and] whether such a claim would be barred by the appeal waiver or any other provisions in the plea agreement." Counsel did so.

## II

### A

Lehew argues that (1) the district court plainly erred by imposing the $5,000 JVTA special assessment because he is indigent, and (2) the appeal waiver does not bar his challenge. We conclude that the appeal waiver does bar his challenge. We therefore affirm the district court's judgment.

"The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement."[7] "This court reviews de novo whether an appeal waiver bars an appeal."[8] "An appeal waiver, even if applicable, does not deprive this court of jurisdiction."[9]

To determine whether an appeal waiver is effective, "[w]e usually employ a two-step inquiry, asking: (1) 'whether the waiver was knowing and voluntary' and (2) 'whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue.'"[10] Lehew's plea agreement set out the penalties in a chart, specifically identifying a "Monetary Assessment" of "$5,000 pursuant to 18 USC 3014 [sic]." The assessment

---

[7] *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).

[8] *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

[9] *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019).

[10] *United States v. Graves*, 908 F.3d 137, 139 (5th Cir. 2018) (quoting *Keele*, 755 F.3d at 754).

at issue in this appeal was in the amount of $5,000 pursuant to 18 U.S.C. § 3014. The plea agreement also reflected Lehew's affirmative agreement to pay that assessment:

> In addition to the special assessment of $5000 per victim, pursuant to Title 18 United States Code, Section 3014, Defendant agrees to and will be ordered to pay restitution in the amount of to each victim associated with Count of the Indictment who may be identified and requests restitution prior to sentencing a final determination of the victim's losses pursuant to 18 U.S.C. § 3664(d)(5).

The language of his appeal waiver unambiguously waives the right to appeal this assessment by waiving the right "to appeal" his "sentence on any ground," and his waiver of "any challenges to the determination of any . . . monetary penalty or obligation."

Lehew does not argue that his waiver was not knowing or involuntary. He instead argues that the $5,000 JVTA special assessment exceeds the statutory maximum. The statute only imposes the JVTA special assessment on a "non-indigent person,"[11] and Lehew alleges that the district court "failed to determine that Lehew was non-indigent." Lehew concludes that the JVTA special assessment "is a sentence in excess of the statutory maximum" because the statutory maximum for an indigent defendant is zero dollars. He asserts that he was indigent at the time of sentencing.

Lehew cites our decision in *United States v. Winchel*.[12] We explained in that case that if a court orders a defendant to pay restitution under 18

---

[11] 18 U.S.C. § 3014(a).

[12] 896 F.3d 387 (5th Cir. 2018).

U.S.C. § 2259 without conducting the mandatory *Paroline v. United States*[13] proximate causation analysis regarding a defendant's responsibility for a child pornography victim's losses, "the amount of restitution necessarily exceeds the statutory maximum."[14]   This is because 18 U.S.C. § 2259 "authorizes a court to order restitution, but only to the extent it is shown that the defendant in question proximately caused the victim's losses."[15]   The amount of loss found to have been proximately caused by the defendant is the ceiling and, therefore, the statutory maximum amount that can be imposed as restitution.

In *United States v. Graves*,[16] we suggested in dicta that the same logic might allow a defendant to challenge a JVTA special assessment as "a sentence exceeding the statutory maximum" by arguing that he is indigent:[17] "Arguably, appeals challenging restitution orders are analogous to appeals challenging special assessments.  After all, both types of appeals turn on whether a statute authorizes the district court to demand money from the defendant—and hence whether the district court exceeded the 'statutory maximum' in doing so."[18]

We distinguished the *Winchel* decision in *United States v. Madrid*.[19]  In *Madrid*, the defendant argued that the statutory maximum exception to

---

[13] 572 U.S. 434, 448 (2014) ("Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses.").

[14] *Winchel*, 896 F.3d at 389.

[15] *Id.*

[16] 908 F.3d 137 (5th Cir. 2018).

[17] *Id.* at 139-40.

[18] *Id.* at 140.

[19] 978 F.3d 201 (5th Cir. 2020).

appeal waivers applied because the district imposed an assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act (AVAA), 18 U.S.C. § 2259A, without establishing the identity and losses of any victim.[20] In rejecting that challenge and concluding the appeal waiver applied, we explained that 18 U.S.C. § 2259A "does not require identification of a victim and proof of losses" and the "monetary penalty" imposed under the statute "is separate and distinct from restitution."[21] We concluded that the causation requirement for an assessment under § 2259A differs from the proximate causation requirement for restitution under § 2259, which provides for compensation to victims for their losses.[22] "Restitution may be imposed if the Government offers adequate proof of causation and losses incurred by an identified victim, but a special assessment is imposed in the same manner as a fine and does not require the identification of any individual victim."[23] We observed that "[i]t does not require great perspicacity to appreciate the substantial difference between restitution to the person victimized by the crime [(§ 2259)] and a special assessment, mandated by statute and collectible by the Government against individuals convicted of crimes to be paid into a crime victims fund [(§ 2259A)]."[24] Accordingly, the defendant in *Madrid* "fail[ed] to demonstrate that the district court ordered an assessment in excess of statutory authority."[25] Our decision in *Madrid* does not compel us to

_____

[20] *Id.* at 204.

[21] *Id.* at 205.

[22] *Id.* at 206.

[23] *Id.*

[24] *Id.* at 206.

[25] *Id.* at 205.

conclude that Lehew's in-excess-of-the-statutory-maximum claim has validity in the present case.

In *United States v. Meredith*,[26] we made clear that the "statutory-maximum" exception to appeal waivers is not "an appeal-authorizing escape hatch" that permits appeals whenever the "sentencing judge commits any error under the sentencing statute" or the defendant disagrees with the sentencing judge's exercise of discretion.[27] Whether an indigent defendant can appeal a JVTA special assessment as "a sentence in excess of the statutory maximum" is an open question. Two of our prior cases, *Graves*[28] and *United States v. Del Rio*,[29] have identified but declined to resolve this issue. We likewise do not reach the issue because the district court implicitly found Lehew to be non-indigent in light of opportunities for future earnings, and this court's decision in *United States v. Alfred*[30] narrows a defendant's ability to raise a statutory maximum argument to situations in which "the district courts failed to conduct the requisite analysis altogether."[31]

---

[26] 52 F.4th 984 (5th Cir. 2022).

[27] *Id.* at 987; *see also United States v. Kim*, 988 F.3d 803, 808 (5th Cir. 2021) ("Kim's claim is a challenge to the application of the Guidelines provision that enhanced his sentence based on a calculated loss amount exceeding $550,000, which is barred by the waiver provision, not a claim that his sentence exceeds the maximum allowable statutory term of imprisonment.").

[28] *United States v. Graves*, 908 F.3d 137, 138 (5th Cir. 2018).

[29] No. 21-11209, 2023 WL 5031475, at *2 (5th Cir. Aug. 7, 2023) (per curiam) (unpublished).

[30] 60 F.4th 979 (5th Cir.), *cert. denied*, 144 S. Ct. 145 (2023).

[31] *Id.* at 982.

No. 23-50569

## B

In *Alfred*, the defendant objected at his sentencing hearing to the PSR's restitution recommendation, arguing that "'when [the court] look[s] at the causal connection to these victims' [the defendant] had 'some responsibility,' but it 'would [not] be appropriate or substantively or procedurally reasonable'" for him to pay the recommended restitution award.[32]   "The district court overruled these objections, referencing paragraphs of the PSR describing Alfred's 'participat[ion] in live act distribution of child pornography.'"[33]

On appeal, "Alfred argue[d] that the district court imposed 'an illegal sentence in excess of the statutory maximum' because it failed to conduct the proper proximate-cause analysis" that was also lacking in *Winchel*.[34]   We rejected his argument because the circumstances in *Alfred* were materially different than *Winchel* and *Leal*[35]: "In *Winchel* and *Leal*, we declined to enforce the appeal waivers because the district courts failed to conduct the requisite [proximate cause] analysis altogether.   Here, the district court conducted the analysis, and Alfred challenges the outcome of that analysis. Such a challenge is barred by his appeal waiver."[36]

Under *Alfred*, the "in excess of the statutory maximum" rule does not allow appellants to circumnavigate appellate waivers and challenge a

---

[32] *Id.* at 981.

[33] *Id.*

[34] *Id.*; *see United States v. Winchel*, 896 F.3d 387, 389-90 (5th Cir. 2018).

[35] *United States v. Leal*, 933 F.3d 426 (5th Cir. 2019).

[36] *Alfred*, 60 F.4th at 982.

sentencing court's analysis, methodology, or calculations.[37]  The rule only permits "in excess of the statutory maximum" challenges where "the district courts failed to conduct the requisite analysis *altogether*."[38]

Lehew argues that the sentencing hearing transcript shows that the district court "failed to conduct the requisite analysis altogether."[39]  Lehew is correct that there was no express indigency analysis at the sentencing hearing.  During the hearing, the court did not discuss or mention Lehew's finances or potential indigency explicitly.  When listing the statutory penalties at the beginning of the hearing, the court omitted the JVTA special assessment.  The court made the same omission again when announcing Lehew's prison sentence and $100 special assessment.  The court did not announce that the JVTA special assessment would be imposed until the end of the hearing when the Assistant U.S. Attorney reminded the court that the conviction "invokes the Justice for Victims of Trafficking Act which imposes a $5,000 special assessment."  After a U.S. Probation officer confirmed that the JVTA special assessment applied to Lehew, the court announced it as part of the sentence.

We have explained that sentencing was "never intended . . . to become a hyper-technical exercise"[40] that involves "a checklist recitation"[41]

---

[37] *See United States v. West*, 99 F.4th 775, 780 (5th Cir. 2024) (per curiam) ("In other words, an appeal waiver like West's applies if the defendant's argument is that there was a calculation error, but not if the district court failed to conduct the mandatory proximate-cause analysis altogether.").

[38] *Id.* (quoting *Alfred*, 60 F.4th at 982).

[39] *Alfred*, 60 F.4th at 982.

[40] *United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001) (alteration in original) (quoting *United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000)).

[41] *United States v. Washington*, 480 F.3d 309, 314 (5th Cir. 2007) (quoting *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006)).

of various statutory requirements. The district court's adoption of the PSR suffices as "conduct[ing] the requisite analysis"[42] regarding Lehew's potential indigency. Indigency is a factual determination,[43] and the district court can make explicit and implicit findings of fact by adopting the PSR.[44] Our court has recognized that "when assessing whether a defendant is unable to pay a $5,000 special assessment, a court . . . bases its decision on the additional [financial] information provided in a PSR."

Here, the district court's Statement of Reasons adopted the PSR, except for one change not relevant to this appeal. The PSR contains numerous facts related to Lehew's potential indigency. It discusses Lehew's employment and income history, liabilities, cash flow, and vocational skills. The report also notes that "Lehew will have an opportunity to participate in the Bureau of Prison's Inmate Financial Responsibility Program, which will allow him the opportunity to make monthly payments toward his fine or any other court-imposed cost." Our court has held that a district court may "consider a defendant's future earning capacity when determining whether a defendant is indigent."[45]

Because the district court can make implicit factual determinations by adopting the PSR, the PSR's detailed discussion of Lehew's financial and work history, as adopted by the district court, suffices as "conduct[ing] the

---

[42] *Alfred*, 60 F.4th at 982.

[43] *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018).

[44] *United States v. Rodriguez-Rodriguez*, 388 F.3d 466, 468 n.8 (5th Cir. 2004) (per curiam).

[45] *Graves*, 908 F.3d at 138; *see also United States v. Madrid*, 978 F.3d 201, 207 (5th Cir. 2020) ("The court may consider the defendant's financial circumstances now and in the future.").

requisite analysis."[46]    Lehew's appeal waiver expressly waived "any challenges to the determination of any . . . monetary penalty or obligation." Accordingly, Lehew cannot appeal the JVTA special assessment as a sentence "in excess of the statutory maximum," and his appeal waiver bars his appeal. We do not decide whether Lehew is actually indigent based on these facts.

\* \* \*

For the foregoing reasons, Lehew's sentence is AFFIRMED.

---

[46] *Alfred*, 60 F.4th at 982; *see also United States v. Perez*, 693 F. App'x 364, 365 (5th Cir. 2017) (per curiam) ("By adopting the presentence report, including its representations of financial worth (none of which Perez disputes), and imposing the special assessments, the district court implicitly determined that Perez was not indigent.").