# United States Court of Appeals
# for the Fifth Circuit

────────────

No. 24-60490
Summary Calendar

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marcus Allen Brown,

*Defendant—Appellant*.

───────────────────────────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-117-1

───────────────────────────────

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Marcus Allen Brown was indicted under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on a single count of being a felon in possession of a firearm. Brown moved to dismiss the indictment, arguing that § 922(g)(1) as applied to him violates his Second Amendment rights. The district court denied the motion. Brown pleaded guilty, but his plea agreement reserved the right to appeal the

────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60490

district court's order.  Brown does so, and he raises four other issues in this appeal.  We affirm.

**I**

Brown was indicted for "knowingly possess[ing] a firearm" as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm . . . ."[1]  Section 924 sets forth the penalties for violations of § 922.[2]  Brown has previous felony convictions for burglary, drug possession, and unlawful possession of a firearm.  A superseding indictment added an additional sentencing allegation under § 924(e)(1).  Brown moved to dismiss the superseding indictment, arguing that § 922(g)(1) as applied to him violates the Second Amendment under *Bruen*[3] and its progeny.  The district court denied the motion.

Brown then signed a plea agreement with the Government, and he pleaded guilty to the single count charged in the superseding indictment.  The agreement included the following appeal waiver:

> Defendant . . . expressly waives . . . the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, . . . on any ground whatsoever with the exception that the Defendant retains the right to pursue a direct appeal of the District Court's order

---

[1] 18 U.S.C. § 922(g)(1).

[2] *Id.* § 924.

[3] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

regarding the Defendant's motion to dismiss pursuant to [*Bruen*] . . . .

Brown was sentenced to 120 months of imprisonment, to run concurrently with other sentences, and three years of supervised release. Brown timely appealed.

## II

Brown raises five issues. He argues that 18 U.S.C. § 922(g)(1) as applied to him violates the Second Amendment, facially violates the Second Amendment, is unconstitutionally vague, violates the Commerce Clause, and violates equal protection under the Fifth Amendment. The first two challenges fail under our precedents, and the remaining three challenges are waived by his plea agreement.

## A

The district court rejected Brown's as-applied challenge to § 922(g)(1), reasoning that neither *Bruen* nor recent Fifth Circuit cases overruled earlier precedents that upheld § 922(g)(1). Because Brown preserved this challenge, "we review the constitutionality of § 922(g)(1) de novo."[4]

We recently described the "two-step framework for analyzing whether a particular firearm regulation is consistent with the Second Amendment."[5]

> First, the Second Amendment's plain text must cover the defendant's conduct, in which case the Constitution presumptively protects that conduct. Second, if the defendant's actions are covered, "[t]he government must then

---

[4] *United States v. Schnur*, 132 F.4th 863, 866-67 (5th Cir. 2025).

[5] *Id.* at 867.

justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'"[6]

"The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1),"[7] so we proceed to the second step and consider whether "regulating [Brown's] possession of a firearm is 'consistent with the Nation's historical tradition' of disarming someone with a criminal history analogous to his."[8]

Brown has several burglary convictions that qualify under § 922(g)(1) because they are "punishable by imprisonment for a term exceeding one year."[9] Our cases reveal that disarming burglars "is consistent with the Nation's historical tradition of firearm regulation."[10] In *United States v. Schnur*,[11] we explained that Schnur's "1996 conviction[] for . . . burglary . . . lend[s] further support to the constitutionality of § 922(g)(1) as applied to Schnur."[12] We explained that "colonial-era laws targeting theft" often provided for capital punishment, so "disarming the defendant who had been convicted . . . fits within our Nation's tradition of

---

[6] *Id.* (alteration in original) (citations omitted) (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022)).

[7] *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024), *petition for cert. filed*, (U.S. Feb. 18, 2025) (No. 24-6625).

[8] *Schnur*, 132 F.4th at 867 (quoting *Bruen*, 597 U.S. at 24).

[9] 18 U.S.C. § 922(g)(1).

[10] *Bruen*, 597 U.S. at 24.

[11] 132 F.4th 863 (5th Cir. 2025).

[12] *Id.* at 870.

regulating firearms."[13]  As we reasoned in *United States v. Diaz*,[14] "if capital punishment was permissible to respond to theft, then the lesser restriction of permanent disarmament that § 922(g)(1) imposes is also permissible."[15] Likewise, in *United States v. Quiroz*,[16] we noted that "burglary was a capital offense in seven states at the [F]ounding," and "if 'capital punishment was permissible to respond to' burglary at the [F]ounding, then so too is . . . temporary disarmament" under 18 U.S.C. § 922(n).[17]  To be sure, *Quiroz* differentiated § 922(g)(1)'s "permanent disarmament,"[18] but the logic from *Diaz* still applies.  Our court's decision in *Diaz* explains that the rationale and justifications ("the 'why'") behind § 922(g)(1) are "relevantly similar" to that of Founding-era capital punishment laws, as both serve "to deter violence and lawlessness."[19]

Brown largely agrees with the analytical framework, but he argues that burglary (and the other offenses that he has previously been convicted of) were not capital crimes in some Founding-era jurisdictions.  Brown's historical assertions may be correct, but we noted in *Quiroz* that "our historical analysis does not require unanimity in every instance," and, in any event, "burglary was a capital offense in seven states at the [F]ounding."[20] Further, § 922(g)(1) does not need to be identical to Founding-era penal

---

[13] *Id.* at 870-71.

[14] 116 F.4th 458 (5th Cir. 2024), *petition for cert. filed*, (U.S. Feb. 18, 2025) (No. 24-6625).

[15] *Id.* at 469.

[16] 125 F.4th 713 (5th Cir. 2025).

[17] *Id.* at 724 (quoting *Diaz*, 116 F.4th at 469).

[18] *Id.* (quoting *Diaz*, 116 F.4th at 469).

[19] *Diaz*, 116 F.4th at 469.

[20] *Quiroz*, 125 F.4th at 724-25.

No. 24-60490

laws, only "'relevantly similar' to laws that our tradition is understood to permit."[21]  Brown's as-applied challenge fails.

## B

Brown also argues that § 922(g)(1) is facially unconstitutional. Assuming that Brown preserved this argument, it is foreclosed by *Diaz*.  Our court held in *Diaz* that a facial challenge to § 922(g)(1) failed because a facial challenger "must establish that no set of circumstances exists under which the statute would be valid," and § 922(g)(1) "is constitutional as applied to the facts" of *Diaz*.[22]  Brown recognizes that *Diaz* forecloses his argument, and he raises the argument only to preserve it for Supreme Court review.

## C

Brown asserts that § 922(g)(1) is unconstitutionally vague, violates the Commerce Clause, and violates equal protection under the Fifth Amendment.  These arguments are waived by the terms of his plea agreement.  In that agreement, Brown waived the "right to appeal the conviction and sentence imposed in this case . . . on any ground whatsoever with the exception that [he] retains the right to pursue a direct appeal of the District Court's order regarding [his] motion to dismiss pursuant to [*Bruen*] . . . ."

"[A]n appeal waiver is effective" if (1) it is "knowing and voluntary" and (2) "under the plain language of the plea agreement, the waiver applies

---

[21] *United States v. Rahimi*, 602 U.S. 680, 692 (2024) (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 29 (2022)).

[22] *Diaz*, 116 F.4th at 471-72 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

to the circumstances at issue."[23]  Brown does not argue that his waiver was unknowing or involuntary.  Brown does argue that the district court erred by accepting his guilty plea because § 922(g)(1) is unconstitutionally vague, violates the Commerce Clause, and violates equal protection under the Fifth Amendment—but he fails to explain how these purported constitutional infirmities affect the validity of his appeal waiver or to cite any authority to that effect.  Moreover, "defendants can waive the right to challenge both illegal and unconstitutional sentences."[24]  The plain language of Brown's waiver covers these challenges.  Brown retained the "right to appeal . . . the District Court's order regarding [his] motion to dismiss . . . ."  The district court's order did not address whether § 922(g)(1) is unconstitutionally vague, violates the Commerce Clause, or violates equal protection under the Fifth Amendment.  Nor did Brown's motion to dismiss.  Brown admits in his brief that he raises these issues for the first time on appeal.

We also note that the Commerce Clause and equal protection arguments are foreclosed by our precedents.[25]

---

[23] *United States v. Lehew*, 132 F.4th 381, 384 (5th Cir. 2025) (quoting *United States v. Graves*, 908 F.3d 137, 139 (5th Cir. 2018)).

[24] *See United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020) ("We have recognized only two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum." (citation omitted)).

[25] *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020) (rejecting Commerce Clause challenge to § 922(g)(1) as foreclosed); *United States v. Dickey*, 102 F.3d 157, 163 (5th Cir. 1996) ("[T]he felon in possession of a firearm statute is constitutional under the Commerce Clause."); *United States v. Darrington*, 351 F.3d 632, 634-35 (5th Cir. 2003) (rejecting equal protection challenge to § 922(g)(1)); *see also United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (per curiam) (discussing *Darrington*).

No. 24-60490

\*       \*       \*

The judgment of the district court is AFFIRMED.